THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID RAMOS, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated June 2, 1966, which denied, without a hearing, his application for an order in the nature of a writ of error *coram nobis* to vacate a judgment of the Supreme Court, Kings County, rendered October 15, 1963, convicting him of murder in the second degree, upon a plea of guilty, and

sentencing him to imprisonment for a term of 25 years to life. Order reversed, on the facts, the law, and in the exercise of discretion, and application granted to the extent that the case is remanded for resentence. In September, 1962, defendant was indicted for murder in the first degree and separately for robbery in the first degree, grand larceny in the first degree (two counts) and assault in the second degree. Both indictments were based upon the same incident, that is, the stabbing and killing of an elderly man during the course of a robbery. To avoid the possibility of a death sentence, in April, 1963, defendant pleaded guilty to murder in the second degree, on a stipulation that the robbery indictment would be dismissed 31 days after sentence, provided that no appeal had been taken. Upon accepting the plea, the court specifically instructed defendant that should he attempt to disturb the plea or the conviction thereon within 31 days after sentence, by appeal or otherwise, " of course *the plea will not stand, and also* the promise of the district attorney to dismiss the robbery charge will not stand" (emphasis added) (cf. *People* v. *Prewitt,* 22 A D 2d 1018). The net effect of the conditions so imposed was that defendant was confronted with the " choice" of either accepting whatever punishment the court might mete out, no matter how severe, excessive, or unjust, or appealing from the judgment of conviction, in which case the plea, pursuant to the conditions attached thereto, would not be permitted to stand and defendant would presumptively be required to stand trial for murder in the first degree, thereby exposing himself to the possibility of receiving the death sentence if convicted. Under the circumstances, it could not have been reasonably contemplated that defendant would exercise his " option" to appeal. In practical effect, the court virtually insulated the conviction and the sentence imposed thereon against appellate review. The court's actions were tantamount to a denial of defendant's right to appeal. The statutory right to appeal in criminal matters is " an integral part of our judicial system" and "it has been the consistent policy of our courts to preserve and promote that right as an effective, if imperfect, safeguard against impropriety or error" (*People* v. *Pride,* 3 N Y 2d 545, 549). In recognition of the importance of the right, the courts of this State have been generous in granting relief to defendants who have been prevented from exercising it, whether through improper conduct of prison authorities (*People* v. *Hairston,* 10 N Y 2d 92; *People* v. *Diaz,* 24 A D 2d 1029), the conduct of assigned counsel (*People* v. *De Renzzio,* 14 N Y 2d 732; *People* v. *Coe,* 16 A D 2d 876) or defendant's ignorance of his assigned counsel's abandonment of the appeal (*People* v. *Adams,* 12 N Y 2d 417). Although the Court of Appeals denied the relief requested in *Adams* (*supra*) on procedural grounds, holding that an order of the Appellate Division denying reinstatement of an appeal dismissed for failure to perfect it is not appealable, this court ultimately granted the relief sought, that is, the appeal was reinstated (*People* v. *Adams,* Oct. 28, 1963, 2d Dept.). Moreover, it is noted that we disapprove the judicial plea bargaining disclosed in the present record. The Trial Justice should not participate in plea discussions (see *Brown* v. *Beto,* 377 F. 2d 950, 956–957; see, also, Standards Relating to Pleas of Guilty, Recommended by the Advisory Committee on the Criminal Trial, American Bar Association Project on Minimum Standards for Criminal Justice). The appropriate remedy where a defendant has been wrongfully deprived of his right to appeal is to vacate the judgment of conviction and remand the case for resentence, *nunc pro tunc* as of the date sentence was originally imposed. This procedure enables the defendant to prosecute and perfect an appeal, since the time limited for appeal would commence at the time of rendition of the new judgment (*People* v. *Hairston,* 10 N Y 2d 92, *supra*). Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., and Martuscello, J., dissent and vote to affirm the order, with the following mem-

erandum: It was perfectly proper for the District Attorney to separately indict defendant for the crimes charged. The District Attorney also had the right to require an agreement not to appeal from the murder conviction before he would agree to a dismissal of the robbery charge. Defendant, faced with the alternative of a trial on the two indictments, or a plea of guilty to one with a dismissal of the other, was free to agree to waive his right to appeal the murder conviction in order to secure a dismissal of the robbery indictment (*People* v. *Prewitt,* 22 A D 2d 1018; *People* v. *Middleton,* 20 A D 2d 628; *People* v. *McIntosh,* 13 A D 2d 794, affd. 10 N Y 2d 1014). The statement of the Trial Judge that, if defendant appealed the murder conviction the plea would not stand, was obviously erroneous. If defendant wished to appeal he was free to do so. The only loss he would have suffered would be refusal to dismiss the robbery indictment. Having made a bargain on his guilty plea, defendant should not at this time be permitted to over turn that plea because of his present dissatisfaction with it.