**UNITED STATES of America ex rel. Victor AMUSO, Petitioner,**

v.

**Hon. J. Edwin LaVALLEE, Warden, Clinton State Prison, Dannemora, New York, Respondent.**

**No. 68 Civ. 817.**

United States District Court
E. D. New York.

Oct. 18, 1968.

Victor Amuso, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

## OPINION AND ORDER

JUDD, District Judge.

Petitioner seeks a writ of habeas corpus, contending that his plea of guilty was made involuntarily and was made subject to an invalid condition in that the plea was accepted only if petitioner surrendered his right to appeal.

Petitioner was indicted for attempted robbery in the first degree, attempted grand larceny in the first degree, and two counts of assault in the first and second degrees. His plea was entered during trial, after both the prosecution and defense had presented their evidence and rested. Petitioner's retained counsel asked to withdraw his plea of not guilty and enter a plea of guilty under the first count "to attempted robbery in the third degree, unarmed, to cover all counts of said indictment." The court then stated that the plea would cover another indictment upon which the petitioner had not yet been tried, but that this outstanding indictment would be dismissed only after the time to appeal from the judgment on his guilty plea

had expired. The trial court then addressed the petitioner:

"Victor Amuso, your lawyer tells me that you wish to withdraw your plea of not guilty and plead guilty to the crime of attempted robbery in the third degree, under the first count of the Indictment, Number 2327 of 1961, to cover all counts in that indictment, and to also cover Indictment Number 2328 of 1961, to the extent that Indictment Number 2328 of 1961 will be dismissed after sentence is imposed, upon this Indictment, and after your time to appeal has expired, and not until that time. In fact, that this plea should be withdrawn or an appeal should be taken from the sentence imposed hereunder, then Indictment Number 2328 will remain alive, and you may be prosecuted thereon. Do you understand that? A. I understand." (Minutes of Plea, pp. 3–4).

Thereafter, petitioner was sentenced to a minimum of two and one-half years and a maximum of ten years. No appeal was taken.

With the assistance of retained counsel, petitioner attacked the conviction collaterally in the Supreme Court, Kings County, by a petition for writ of error coram nobis. The petition was denied without a hearing and the Appellate Division, Second Department, affirmed without opinion. Leave to appeal to the Court of Appeals was denied. Thus, state remedies have been exhausted.

■ Since we find that the material facts were adequately developed in the state courts and that there was no denial of due process in the state court proceeding, the petition is denied without a hearing. 28 U.S.C. § 2254(d); United States ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2d Cir. 1963), cert. den. 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 311–312 (2d Cir. 1963).

■ The minutes of the plea as well as the petition establish that petitioner's plea was voluntarily made with the advice of retained counsel, to avoid a more severe sentence he might have received if convicted on all the counts of both indictments. A searching and comprehensive inquiry was made by the court at the time the plea was entered, to assure that it was voluntary, "i. e., he understands the significance of what he is doing and his ability to exercise his judgment with respect to a course of conduct best serving his needs is not unduly impaired or distorted by his predicament." United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508, 514 (E.D. N.Y.1967). Such an inquiry has been characterized as "the most reliable and efficient means of determining whether the defendant fully understands the nature of the commitment that has been made to him." Id. at 519. See also American Bar Association Project on Minimum Standards for Criminal Justice, Pleas of Guilty (Ten. Draft 1967).

Pleas of Guilty, supra, recognizes the propriety of agreements between a prosecuting attorney and a defendant, through defense counsel, under which the prosecution promises to seek sentence or charge concessions if the defendant pleads guilty (p. 3). Although it is recommended that the trial judge should not be a party to plea discussions (op. cit., pp. 71–73), it is considered proper for the judge to grant the agreed-upon concessions in making a final disposition of the case (op. cit., pp. 474–77). The ABA standards in Pleas of Guilty are for national use. Some difficulties are inherent in their application to New York, where the precise concessions cannot be definitely fixed at the time the plea is made. The necessity for obtaining a presentence report, and ascertaining the existence of prior felonies, prevents the court from agreeing on a maximum limit of sentence when the plea is accepted. On the other hand, the defendant's right to appeal even from a judgment entered on a guilty plea (People v. Zuckerman, 5 N.Y.2d 401, 185 N.Y.S.2d 8, 157 N.E.2d 862 [1959]), creates uncertainty that the court can enforce the minimum limits of the sentence imposed.

Conditioning charge concessions on a waiver of the right to appeal from the sentence on the guilty plea is one method of making a plea agreement enforcible. Requiring a waiver of the right to appeal was held improper in People v. Ramos, 30 A.D.2d 848, 292 N.Y.S.2d 938 [2d Dept.1968], by a three-to-two vote. On the other hand, Judge Palmieri recently found no constitutional infirmity in such a procedure. The state court had stated that the only way to dispose of other outstanding charges effectively was to delay disposition until the time to appeal from the sentence on the guilty plea had expired. United States ex rel. Comacho v. Follette, July 3, 1968, S.D. N.Y., 68 Civ. 1475. As the court there stated, the plea agreement was an "accommodation of the interests of defendant * * * No consideration of due process would appear to justify any interference with this accommodation."

Petitioner in this case was represented by an attorney experienced in criminal matters when he made his plea and agreed to waive the right of appeal, and also at the time of his sentence.

Before a federal court interferes with actions of a state court, it should appear that a substantial right has been impaired. In this case, the sentence imposed on petitioner was the precise sentence that the statute said the court "must" impose on a second felony offender for the offense to which he pleaded (former N.Y. Penal Law, McKinney's Consol.Laws, c. 40, § 1941). No defect in this indictment is suggested. Waiver of the right to appeal from a mandatory sentence under a valid indictment is not the surrender of a substantial right. In Ramos, on the other hand, petitioner had received a sentence of twenty-five years to life. In Ramos, the judge had stated that the plea would not stand if there was an appeal. Therefore, if Ramos appealed, he would have exposed himself to the possibility of receiving the death sentence. Cf. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). Even on these facts, however, Ramos' petition for a writ of federal habeas corpus was denied. United States ex rel. Ramos v. Fay, 64 Civ. 3463 (S.D.N.Y., February 15, 1965). An appeal was dismissed as frivolous by the Second Circuit. The states may, of course, establish more stringent requirements than due process demands.

As Palmieri, J., stated in Comacho, supra:

"This Court is of course aware that a court cannot properly bargain with a defendant, United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D. N.Y.1966), nor can it put a price on an appeal. The right of appeal must, understandably, be free and unfettered. Worcester v. Commissioner of Internal Revenue, 370 F.2d 713 (1st Cir. 1966). But where a defendant makes his own terms and understands them and thereby brings an end to his trial and the separate outstanding indictment against him, he should not be permitted to later reevaluate his position, particularly where the status quo ante cannot be restored. Here the arrangement that the defendant made and initiated cannot now be rescinded as the separate indictment of petitioner for robbery has been dismissed."

The other cases cited by the petitioner concern the requirement that indigent defendants be given equal protection of the laws by being permitted substantially the same appellate review as defendants who are financially able to afford counsel and transcripts. E. g., Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, they have no bearing on the validity of a plea agreement, which would benefit an affluent defendant as well as an indigent one. They are not appropriate where there has been a waiver—"an intentional relinquishment or abandonment of a known right or

privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357 (1938); Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968); cf. United States v. Drummond, 354 F.2d 132, 148 (2d Cir. 1965), cert. den. 384 U.S. 1013, 86 S.Ct. 1968, 16 L.Ed.2d 1031, rehearing den. 385 U.S. 892, 87 S.Ct. 24, 17 L.Ed.2d 126 (1966).

The petition is denied.

The Clerk is requested to forward a copy of this opinion and order to the petitioner.

So ordered.