PER CURIAM.
The following amendments or additions to the Florida Rules of Criminal Procedure are hereby adopted and shall govern all proceedings within their scope after 12:01 a.m., July 1, 1977. These rules shall supersede all conflicting rules and statutes. The committee notes appended to each rule are not adopted by the Court.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCH-ETT, JJ., concur.
RULE 3.125. NOTICE TO APPEAR
(a) Definition. Notice to appear means, unless indicated otherwise, a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a person is arrested for an offense declared to be a misdemeanor of the first or second degree or a violation, or is arrested for violation of a municipal or county ordinance triable in the county, and demand to be taken before a magistrate is not made, notice to appear may be issued by the arresting officer unless:
(1) The accused fails or refuses to sufficiently identify himself or supply the required information;
(2) The accused refuses to sign the notice to appear;
(3) The officer has reason to believe that the continued liberty of the accused constitutes an unreasonable risk of bodily injury to himself or others;
(4) The accused has no ties with the jurisdiction reasonably sufficient to assure his appearance or there is substantial risk that he will refuse to respond to the notice;
(5) The officer has any suspicion that the accused may be wanted in any jurisdiction; or
(6) It appears that the accused has previously failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Booking Officer. If the arresting officer does not issue notice to appear because of one of the exceptions listed in (b)(1) and (b)(6) and takes the accused to police headquarters, the booking officer may issue notice to appear if he determines that there is a likelihood that the accused will appear as directed, based upon a reasonable investigation of the following:
*1248 (1) Residence and length of residence in the community;
(2) Family ties in the community;
(3) Employment record;
(4) Character and mental condition;
(5) Past record of convictions; or
(6) Past history of appearance at court proceedings.
(d) How and When Served. If notice to appear is issued it shall be prepared in quadruplicate. The officer shall deliver one copy of the notice to appear to the arrested person and such person, in order to secure release, shall give his written promise to appear in court by signing the three remaining copies: one to be retained by the officer and two to be filed with the clerk of court. These two copies shall be sworn to by the arresting officer before a Notary Public or a Deputy Clerk. If notice to appear is issued pursuant to subsection (b), the notice shall be issued immediately upon arrest. If notice to appear is issued pursuant to subsection (c), the notice shall be issued immediately upon completion of the investigation. The arresting officer, or other duly authorized official, shall then release the person arrested from custody.
(e) With the sworn Notice to Appear the arresting officer shall file with the clerk a list of witnesses and their addresses, and a list of tangible evidence in the cause. One copy shall be retained by the officer and two copies shall be filed with the clerk of court.
(f) Copy to State Attorney. The clerk shall deliver one copy of the notice to appear and schedule of witnesses and evidence filed therewith to the State Attorney.
(g) Contents. If notice to appear is issued it shall contain the following information:
(1) Name and address of the accused;
(2) Date of offense;
(3) Offense(s) charged — by statute and municipal ordinance if applicable;
(4) Counts of each offense;
(5) Time and place where the accused is to appear in court;
(6) Name and address of the trial court having jurisdiction to try the offense(s) charged;
(7) Name of the arresting officer;
(8) Any other person(s) charged at the same time; and
(9) Signature of the accused.
(h) Failure to appear. When a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued pursuant to Rule 3.121.
(i) Traffic Violations Excluded. Nothing contained herein shall prevent the operation of a traffic violations bureau, the issuance of citations for traffic violations or any procedure pursuant to Chapter 316, Florida Statutes (1975).
(j) Rules and Regulations. Rules and regulations of procedure governing the exercise of authority to issue notices to appear shall be established by the chief judge of the circuit.
(k) Discovery by Defendant. Upon demand of the defendant or his counsel the clerk shall furnish to defendant a copy of that Schedule of Witnesses and Exhibits filed with the Notice to Appear.
Defendant’s right to further discovery in prosecutions by Notice to Appear shall be limited to names and addresses of witnesses and tangible evidence in possession or control of the prosecutor which are not contained' in that schedule.
(l) Procedure by Court. Upon the appearance of the accused before the court pursuant to the requirements of the Notice to Appear, the Court shall advise the defendant as set forth in Rule 3.130(b), and the provisions of said rule shall apply.
The accused at such appearance may at his election waive his right to counsel and trial and enter his plea of guilty or nolo contendere by executing the waiver form contained on the Notice to Appear, and the Court may thereupon enter judgment and sentence in the cause.
In the event the defendant enters a plea of not guilty, the court may set the cause for jury or non-jury trial upon the Notice to *1249 Appear pursuant to the provisions of Rule 3.160 and Rule 3.140, as amended.
Upon the setting of a trial date by the Court, the Clerk shall, without further praecipe, issue witness subpoenas to the law enforcement officer who executed the Notice to Appear, and to the witnesses whose names and addresses appear on the list filed by him, requiring their attendance at trial.
(m) Form of Notice to Appear and Schedule of Witnesses and Evidence. The Notice to Appear and Schedule of Witnesses and Evidence shall be in substantially the following form:

*1250 If you desire to plead guilty or nolo contendere (no contest) and you need not appear in court as indicated on the face of this notice, you may present this notice at the county court named on the reverse of this page.

RULE 3.130. PRE-TRIAL RELEASE
(a) Offenses Less Than Capital. All persons in custody for the commission of an offense unless it is a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great shall be entitled as of right to be admitted to bail before conviction. After conviction bail may be granted by either the trial or appellate court.
(b) First Appearance.
******
(4) Hearing at First Appearance.
(i)The purpose of bail is to insure the defendant’s appearance. For the purpose of this rule, bail is defined as any of the following forms of release:
(1) Personal recognizance of the defendant;
(2) Execution of an unsecured appearance bond in an amount specified by the judge;
(3) Placing the defendant in the custody of a designated person or organization agreeing to supervise him;
(4) Placing restrictions on the travel, association, or place of abode of the defendant during the period of release;
(5) Requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; or
*1251 (6) Imposing any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the defendant return to custody after specified hours.
(ii) The judge shall at the defendant’s first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant’s appearance. If a monetary bail is required, then the judge shall determine the amount.
(iii) In determining which form of release will reasonably assure appearance, the judge shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the defendant’s family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.
(iv) Information stated in, or offered in connection with, any order entered pursuant to this rule need not strictly conform to the rules of evidence.
Committee Note
This proposal amends subparagraph (b)(4) of the present rule to expand the forms of pre-trial release available to the judge. The options are the same as those available under the federal rules without the presumption in favor of release on personal recognizance or unsecured appearance.
This proposal leaves it to the sound discretion of the judge to determine the least onerous form of release which will still insure the defendant’s appearance.
It also sets forth the specific factors the judge should take into account in making this determination.
Comment
Paragraph (a) was repealed by Ch. 76-138, § 2, Laws of Florida, insofar as it was inconsistent with the provision of that statute. Subparagraph (a) has been amended so as to comply with the legislative act.
RULE 3.131. PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY PRELIMINARY HEARINGS
(a)(4) Action on Determination. If probable cause is found, the defendant shall be held to answer the charges. If probable cause is not found or the specified time periods are not complied with, the defendant shall be released from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance subject to the condition that he or she appear at all court proceedings, or shall be released under a summons to appear before the appropriate court at a time certain. Any release occasioned by a failure to comply with the specified time periods shall be by order of the magistrate upon a written application filed by the defendant with notice sent to the state or by a magistrate without a written application but with notice to the state. The magistrate shall order the release of the defendant after it is determined that the defendant is entitled to release and after the state has a reasonable period of time, not to exceed 24 hours, in which to establish probable cause. A release required by this rule does not void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and filed, together with the evidence of such probable cause, with the clerk of the court having jurisdiction of the offense for which the defendant is charged.
******
(c) Additional Nonadversary Probable Cause Determinations and Preliminary Hearings. If there has been a finding of no probable cause at a nonadversary determination or adversary preliminary hearing, or *1252 if the specified time periods for holding a nonadversary probable cause determination have not been complied with, a magistrate may thereafter make a determination of probable cause at a nonadversary probable cause determination, in which event the defendant shall be retained in custody or returned to custody upon appropriate process issued by the magistrate. A defendant who has been retained in custody or returned to custody by such a determination shall be allowed an adversary preliminary hearing in all instances in which a felony offense is charged.
Committee Note
The rule corrects several deficiencies in the prior rule:
(1) In the prior rule no specific mechanism was provided to effect the release which is allowed. This revision provides such a mechanism and coordinates the mechanism with the additional procedures created by section (c).
(2) Once a determination of no probable cause was made and the defendant was released, no method was provided for reversing the process in those instances in which the determination is palpably in error or in instances in which it is later possible to establish probable cause.
(3) The prior rule allowed the unconditioned release of a defendant without the possibility of recapture simply because of a technical failure to abide by the rather arbitrary time limits established for the conduct of a nonadversary probable cause determination and regardless of the ability to establish probable cause. The new rule allows a determination or redetermination of probable cause to be made in instances in which to do so is sensible. The defendant is protected by the provision allowing him an adversary preliminary hearing as a check against any possible abuse.
RULE 3.140. INDICTMENTS; INFOR-MATIONS
(a)Methods of Prosecution.
* * * * * *
(2) Other Crimes. The prosecution of all other criminal offenses shall be as follows:
In circuit courts and county courts, prosecution shall be solely by indictment or information, except that prosecution in county courts for violations of municipal ordinances and metropolitan county ordinances may be by affidavit or docket entries and prosecutions for misdemeanors, municipal ordinances and county ordinances may be by Notice to Appear issued and served pursuant to Rule 3.125. A grand jury may indict for any offense. When a grand jury returns an indictment for an offense not triable in the circuit court, the circuit judge shall either issue a summons returnable in the county court, or shall bail the accused for trial in the county court, and such judge, or at his direction, the clerk of the circuit court shall certify the indictment and file same in the records of the county court.
RULE 3.151. CONSOLIDATION OF RELATED OFFENSES
(a) For purposes of these Rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
(b) Two or more indictments or informa-tions charging related offenses shall be consolidated for trial on a timely motion by a defendant or by the state. The procedure thereafter shall be the same as if the prosecution were under a single indictment or information. Failure to timely move for consolidation constitutes a waiver of the right to consolidation.
(c) When a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion unless a motion by such defendant for consolidation of such charges has been previously denied, or unless such defendant has waived his right to consolidation, or unless the prosecution has been *1253 unable, by due diligence, to obtain sufficient evidence to warrant charging such other offense or offenses.
(d) A defendant may plead guilty or nolo contendere to a charge of one offense on condition that other charges or related offenses be dismissed or that no charges of other related offenses be instituted. Should the court find that such condition cannot be fulfilled, the plea shall be considered withdrawn.
Committee Note
The changes from the prior rule are intended to provide equal treatment for both the state and the defendant.
RULE 3.171. PLEA DISCUSSIONS AND AGREEMENTS
(a) In General. Ultimate responsibility for sentence determination rests with the trial judge. However, the prosecuting attorney, the defense attorney, or the defendant, when representing himself, are encouraged to discuss and to agree on pleas which may be entered by a defendant. Such discussion and agreement must be conducted with the defendant’s counsel. If the defendant represents himself, all such discussions between him and the prosecuting attorney shall be of record.
(b) Responsibilities of the Prosecuting Attorney.
(1) A prosecuting attorney may:
(i) Engage in discussions with defense counsel or a defendant who is without counsel with a view toward reaching an agreement that upon the defendant’s entering a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the prosecuting attorney will do any of the following:
(A) Abandon other charges; or
(B) Make a recommendation, or agree not to oppose the defendant’s request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the trial judge; or
(C)Agree to a specific sentence.
(ii) Consult with the victim, investigating officer or other interested persons and advise the trial judge of their views during the course of plea discussions.
(2) The prosecuting attorney shall:
(i) Apprise the trial judge of all material facts known to him regarding the offense and the defendant’s background prior to acceptance of a plea by the trial judge; and
(ii) Maintain the record of direct discussions with a defendant who represents himself, and make such record available to the trial judge upon the entry of plea arising from these discussions.
(c) Responsibilities of Defense Counsel.
(1) Defense counsel shall not conclude any plea agreement on behalf of a defendant-client without his client’s full and complete consent thereto, being certain that any decision to plead guilty or nolo conten-dere is made by the defendant.
(2) Defense counsel shall advise defendant of:
(i) All plea offers; and
(ii) All pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea, the likely results thereof as well as any possible alternatives which may be open to him.
(d) Responsibilities of the Trial Judge. After an agreement on a plea has been reached, the trial judge may have made known to him the agreement and reasons therefor prior to the acceptance of the plea. Thereafter, he shall advise the parties of whether other factors (unknown at the time) may make his concurrence impossible.
Committee Note
This is a rewording of the prior rule in order to set out the responsibilities of the *1254 participants. The rule recognizes the ultimate responsibility of the trial judge, but it encourages prosecution and defense counsel to assist the trial judge in this regard. Where the circumstances of the case so merit, it is the responsibility of each respective party to discuss a fair disposition in lieu of trial. For protection of the prosecutor and the defendant, plea discussions between the state and pro se defendant should be recorded, in writing or electronically.
(b) New in Florida. (l)(i) Restatement of policy followed by extensive revision in the form of Fed.R.Crim.P. 11(e)(1).
(1)(ii) The rule sets out discretionary minimum professional prosecutorial procedure where either victim or law enforcement officers are involved better to guide the trial judge.
(2)(i) Mandatory responsibility of prosecutor contemplates disposition with no pre-sentence investigation.
(2)(ii) Mandatory record protects both the prosecutor and the pro se defendant.
(c)(1) Renumbering paragraph (b) of pri- or rule.
(c)(2)(i) New in Florida. This proposed language makes it mandatory for defense counsel to advise fully defendant of all plea offers by the state. Defense counsel should also discuss and explain to the defendant those matters which trial judge will inquire about before accepting a plea.
(c)(2)(h) Same as prior Rule 3.171(b) paragraph 2.
(d) Now embraces and renumbers former Rule 3.171(c). The content of former Rule 3.171(d) now appears as part of new Rule 3.172.
RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a)Before accepting a plea of guilty or nolo contendere the trial judge shall satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) All pleas shall be taken in open court, except that where good cause is shown a plea may be taken in camera.
(c) Except where a defendant is not present for a plea, pursuant to the provisions of Rule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
(ii) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and
(iii) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his behalf, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself. '
(iv) That if he pleads guilty, or nolo contendere without express reservation of right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack.
(v) That if he pleads guilty or is adjudged guilty after a plea of nolo conten-dere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
(vi) That if he pleads guilty or nolo contendere, the trial judge may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers *1255 may later be used against him in a prosecution for perjury; and
(vii) The complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result.
(d) Before the trial judge accepts a guilty or nolo contendere plea, he must determine that the defendant either 1) acknowledges his guilt, or 2) acknowledges that he feels the plea to be in his best interest, while maintaining his innocence.
(e) The proceedings at which a defendant pleads guilty or nolo contendere shall be of record.
(f) No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advise-ments and determinations required by this Rule. Until that time, it may be withdrawn by either party without any necessary justification.
(g) Should the trial judge not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(h) Except as otherwise provided in this Rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
(i) Failure to follow any of the procedures in this Rule shall not render a plea void absent a showing of prejudice.
Committee Note
New in Florida. In view of Supreme Court’s emphasis on the importance of this procedure as set forth in Williams v. State, 316 So.2d 267 (Fla.1975), Committee felt it appropriate to expand the language of former Rule 3.170(j) (deleted) and establish a separate rule. Incorporates Fed.R.Crim.P. 11(c), and allows for pleas of convenience as provided in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 162 (1970).
(a), (b) Mandatory record of voluntariness and factual predicate is proper responsibility of counsel as well as the court.
(iv) This waiver of right to appeal is a change from the proposed amendments to the Rules of Criminal Procedure now pending. A sentence if lawful is not subject to appellate review; a judgment, however, is. The Committee was of the opinion that the proposed rule should be expanded to include a waiver of appeal from the judgment as well as the sentence. Waivers of appeal have been approved, State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975); United States Ex Rel. Amuso v. LaValle, 291 F.Supp. 383, aff’d 427 F.2d 328 (1970); People v. Williams, 36 N.Y.2d 829, 331 N.E.2d 684 (N.Y. Ct.App.1975).
(vii) Requires the court to explain the plea agreement to the defendant including conditions subsequent such as conditions of probation.
(e) Provides a readily available record (either oral or by use of standard forms) in all cases where a felony is charged.
(h) Rewording of Fed.R.Crim.P. 11(e)(6).
RULE 3.190. PRE-TRIAL MOTIONS
* * * * * *
(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
Committee Note
This amendment resolves any ambiguity in the rule as to whether the State must file a general or a specific traverse to defeat a motion to dismiss filed under the authority of Rule 3.190(c)(4).
*1256 See State v. Kemp, 305 So.2d 833 (Fla.3d DCA 1974).
The amendment clearly now requires a specific traverse to specific material fact or facts.
RULE 3.191. SPEEDY TRIAL
******
(d)(2) When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.
Committee Note
An appeal by the State from an order dismissing the case constitutes an interlocutory appeal, and should be treated as such. The additional phrase removes any ambiguities in the existing rule.
RULE 3.210. COMPETENCY TO STAND TRIAL AND BE SENTENCED: INSANITY AS A DEFENSE
(a) Mental Competence to Stand Trial or to Be Sentenced.
(1)A person accused of a crime who is incompetent to stand trial shall not be proceeded against while he is incompetent. A person is incompetent to stand trial within the meaning of this Rule if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or if he has no rational as well as factual understanding of the proceedings against him.
(2) If before or during trial the Court, of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to stand trial or if at the time of sentencing, the Court, of its own motion or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is mentally incompetent to be sentenced, the Court shall immediately fix a time for a hearing to determine the defendant’s mental condition.
(3) If a motion under subsection (2) is filed or made, the Court may order the defendant taken into custody if he is not already in custody until the determination of his competency can be made. When a defendant is taken into custody, the Court shall forthwith conduct the examination to determine the competency of the defendant. If the defendant has been released from custody on bail or other pre-trial release provision, and the Court is satisfied that evaluation is necessary but that the defendant need not be taken into custody for such evaluation, the Court may order the defendant to appear at a designated place for evaluation at a specific time.
(4) For the purpose of any hearing held pursuant to subdivision (a), (b), or (c), the Court may appoint not more than three disinterested experts to examine the defendant and testify as to his or her mental condition at such hearing. If the Court does- so, the Clerk shall notify the prosecuting attorney and counsel for the defendant of such appointment and shall give the names and addresses of the experts so appointed. Other evidence concerning the defendant’s mental condition may be introduced at the hearing by either party.
(5) If the Court decides that the defendant is mentally competent to stand trial or *1257 be sentenced, it shall proceed to trial or sentencing.
(b) Mental Incompetency of Defendant Charged With a Felony.
(1)If the Court decides that a defendant charged with a felony is not mentally competent to stand trial or be sentenced, and meets the criteria for involuntary hospitalization set forth in Section 394.467(1), Florida Statutes (1975) (or, in the case of mental retardation, Section 393.11), Florida Statutes (1975), it shall order the defendant to be transferred to a treatment facility as defined in Chapter 394, Florida Statutes (1975) (or residential services as set forth in Section 393.11), Florida Statutes (1975) or may order that he receive outpatient treatment at any other appropriate facility or service on an involuntary basis. Such involuntary hospitalization or treatment shall be subject to all provisions of Chapter 394, or 393, Florida Statutes (1975 and Supp.1976), not in conflict herewith, except that the Court committing the defendant shall at all times retain jurisdiction of the cause and shall make all determinations relative to the continued hospitalization (other than the form of treatment) or release of the defendant.
(i) The treatment facility (or residential services) may retain a defendant admitted involuntarily for a period not to exceed six months. If, during such six month period or during any period of extended hospitalization ordered under subsection (ii) hereof, the defendant is determined by the administrator of the treatment facility (residential services) to have regained competency to stand trial or to be sentenced, or no longer to meet the criteria for involuntary hospitalization, the administrator shall notify the Court by a report, and a hearing shall be held on the issues raised thereby within thirty days of receipt of such report.
(ii) At the expiration of the six month period, the administrator of the facility shall make a written report to the Court on the issues of defendant’s competency to stand trial or be sentenced, whether or not he meets the criteria for involuntary hospitalization, and the probability of defendant’s regaining competency within the foreseeable future. Upon receipt of such report, the Court shall set a hearing within thirty days. If, following such hearing, the Court determines that the defendant continues incompetent to stand trial or be sentenced and that he meets the criteria for involuntary commitment, the Court shall order continued hospitalization or treatment for a period not to exceed one year. The same procedure shall be repeated prior to the expiration of each additional one year period the defendant is retained.
(iii)If at any time after such commitment the Court decides, after hearing, that the defendant is competent to stand trial or be sentenced, it shall enter its order so finding and declaring the defendant mentally competent to stand trial or be sentenced after which the Court shall proceed with the trial or sentencing.
(2) If the Court decides that a defendant charged with a felony is not mentally competent to stand trial or be sentenced, but does not meet the criteria for involuntary hospitalization set forth' in Section 394.-467(1), Florida Statutes (1975), (or is not mentally retarded under Section 393.11, Florida Statutes (1975)), the defendant may be released on reasonable bail or on other appropriate release conditions for a period not to exceed one year. A condition of such release may be that the defendant report for further evaluation at specified times during such release period. A report shall be filed with the Court after each such evaluation by the persons appointed by the Court to make such evaluations. The period of bail contemplated in this section shall extend the periods of time provided by Rule 3.191 as provided in Rule 3.101(d)(2).
(3) If at any time after one year after determining a person incompetent to stand trial- or be sentenced, the Court, after hearing, determines that the defendant remains incompetent to stand trial or be sentenced, that there is no substantial probability that the defendant will become mentally competent to stand trial or be sentenced in the *1258 foreseeable future, and that the defendant does not meet the criteria for involuntary hospitalization set forth in Section 394.-467(1), Florida Statutes (1975) (or for involuntary admission to residential services as set forth in Chapter 393, Florida Statutes (1975 and Supp.1976)), it shall enter an order accordingly and shall dismiss all charges against the defendant.
(4) If at any time after one year after determining a person incompetent to stand trial or be sentenced, the Court, after hearing, determines that the defendant remains incompetent to stand trial or be sentenced, that there is no substantial probability that the defendant will become mentally competent to stand trial or be sentenced in the foreseeable future and that the defendant does meet the criteria for involuntary hospitalization set forth in Section 394.467(1), Florida Statutes (1975), (or, in the case of retardation, Chapter 393, Florida Statutes (1975 and Supp.1976)), the Court shall commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or may order that he receive outpatient treatment at any other facility or service on an outpatient basis. The Department of Health and Rehabilitative Services shall treat the defendant so committed as any patient who has been involuntarily hospitalized by civil proceedings, except that proper security precautions shall be taken with respect to said defendant. The Court committing the defendant shall at all times retain jurisdiction of the cause and shall make all determinations relative to continued hospitalization or release of the defendant.
(c)Mental Incompetence of a Defendant Charged With a Misdemeanor.
(1)If the Court decides that a defendant charged with a misdemeanor is mentally incompetent to stand trial or be sentenced, the Court shall not proceed to trial or sentencing. No person charged with a misdemeanor shall be committed to the Department of Health and Rehabilitative Services solely by this rule, but shall be admitted for hospitalization and treatment in accordance with the provisions of Part 1 of Chapter 394, Florida Statutes (1975) or Section 393.-11, Florida Statutes (1975).
(2) If at any time after finding the defendant charged with a misdemeanor incompetent to stand trial, the Court determines, after hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or be sentenced in the foreseeable future, it shall enter an order accordingly and shall dismiss the charges against the defendant.
(3) If at any time after finding the defendant charged with a misdemeanor incompetent to stand trial, the Court decides, after hearing, that the defendant is competent to stand trial or be sentenced, it shall enter its order so finding and declaring the defendant mentally competent to stand trial or be sentenced after which the Court shall proceed with the trial.
(d) Effect of Adjudication of Incompetency.
(1) If the defendant is declared incompetent to stand trial during the trial and afterwards declared competent to stand trial, his other uncompleted trial shall not constitute former jeopardy.
(2) An adjudication of incompetency to stand trial shall not operate as an adjudication of incompetency for other purposes unless such adjudication is specifically set forth in the order, in which case a guardian of the person shall be appointed.
(e) Insanity as a Defense.
(1) When in any criminal case it shall be the intention of the defendant to rely upon the defense of insanity, no evidence offered by the defendant for the purpose of establishing such insanity shall be admitted in such case unless advance notice in writing of such defense shall have been given by the defendant as hereinafter provided.
(2) If the defendant upon arraignment, or prior thereto, notifies the Court that he will rely upon insanity as one of his defenses, then the Court will hear the parties and require the defendant to file, within such time as may be fixed by the Court, a statement of particulars showing as nearly as he can the nature of insanity he expects to *1259 prove and the names and addresses of the witnesses by whom he expects to prove such insanity.
(3) Upon the filing of said statement of particulars by the defendant, upon motion of the prosecution, the Court may cause the defendant to be examined, by one or more disinterested, qualified experts, not exceeding three, appointed by the Court, at such time and place as may be designated in the order of the Court, as to the sanity, or insanity, of the defendant at the time of the commission of the alleged offense and subsequent thereto. If the Court does so, the Clerk shall notify the prosecuting attorney and counsel for the defendant of such appointment and shall give the names and addresses of the experts so appointed.
(4) If the trial has not commenced, upon good cause shown for the omission of the notices and procedure as to the defense of insanity, the Court may in its discretion give the defendant ten days to provide such notice and comply with such procedures and the periods of time established by Rule 3.191 shall be extended by any period required to complete the procedures set out in this Rule but in no event less than 60 days.
(5) If the trial has commenced, upon good cause shown for the omission of the notices and procedure as to the defense of insanity, and upon motion of the defendant, the Court may, in the interests of justice, declare a mistrial in order to permit the defendant to raise the defense of insanity pursuant to this rule. The periods of time established by Rule 3.191 shall be extended by any period required to complete the procedures set out in this rule and to again schedule the case for trial, but in no event less than 60 days. The defendant’s former uncompleted trial shall not constitute former jeopardy.
(6) If the defendant is at large on bail or cited or summoned to appear, the Court, if it finds that the examination cannot be conducted unless the defendant is confined, may take him into custody for purposes of the examination by such experts.
(7) The appointment of experts by the Court shall not preclude the State or defendant from calling expert witnesses to testify at the trial and in case the defendant is committed to custody by the Court they shall be permitted to have free access to the defendant for purposes of examination or observation. The experts so appointed by the Court shall be summoned to testify at the trial and may be examined by the Court and by counsel for the State and the defendant.
(8) When a person tried for an offense shall be acquitted for the cause of insanity by the jury or the Court, the jury or judge in giving the verdict or finding of not guilty, shall state that it was given for such cause.
(9) When a person tried for an offense shall be acquitted for the cause of insanity, if the Court shall then determine that the defendant presently meets the criteria set forth in Section 394.467(1), Florida Statutes (1975) the Court shall commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization, or shall order that he receive outpatient treatment at any other appropriate facility or service on an outpatient basis, or shall discharge the defendant. The Department of Health and Rehabilitative Services shall treat the defendant so committed as any other patient who has been involuntarily hospitalized by civil proceedings, except that proper security precautions shall be taken with respect to said defendant. The Court committing the defendant shall at all times retain jurisdiction of the cause and shall make all determinations relative to continued hospitalization (other than the form of treatment) or release of the defendant.
(f) Authority of Hearing Examiner.
(1) The hearing examiner provided for in Chapter 394, Florida Statutes (1975) shall have no authority to order the release of any person hospitalized or committed under this rule, but the hearing examiner shall make recommendations regarding the defendant’s continued hospitalization to the Court committing a defendant pursuant to this rule or directing a defendant’s hospitalization pursuant to this rule.
*1260 Committee Note
This language is taken, almost verbatim, from existing Rule 3.210(a). The word “insane” is changed to reflect the new terminology, “competence to stand trial.” The definition of competence to stand trial is taken verbatim from the United States Supreme Court formulation of the test in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
(2) The first part of this paragraph is taken, almost verbatim, from the existing rule. The right of counsel for the State to move for such examination has been added.
(1) In order to confine the defendant as incompetent to stand trial, he must be confined under the same standards as those used for civil commitment. These criteria were set forth in the recent U.S. Supreme Court case of Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), where it was held to be a denial of equal protection to subject a criminal defendant to a more lenient commitment standard than would be applied to one not charged with a crime. Therefore, the criteria for involuntary civil commitment should be incorporated as the criteria for commitment for incompetence to stand trial.
In this section is found the most difficult of the problems to resolve for the rule. The head-on conflict between the Department of Health and Rehabilitative Services, a part of the executive branch of the government, and the courts occurs when the administrator determines that a defendant no longer should be confined, but the trial judge does not wish the defendant released, because the trial judge feels that further commitment is necessary. Under the civil commitment model, the administrator has the power to release a committed patient at such time as the administrator feels he no longer meets the standards for commitment. Obviously, since a defendant in a criminal case is under the jurisdiction of the Court, such immediate release is unwarranted.
The time period of the initial commitment parallels that of civil commitment.
(b)(2) treats the problem of what the Court should do with a defendant who is not competent to stand trial, but who fails to meet the criteria for commitment. If he is incompetent, but is not in need of treatment and is not dangerous, then he cannot be committed. The present rule provides for dismissal of the charges immediately. There appears to be no reason why someone in this situation should not be released pending trial on bail, as would other defendants.
The finding of “not guilty by reason of insanity,” required under the present rule when a defendant cannot be tried by reason of his incompetence seems inappropriate since such a defense admits the commission of the fact of the crime but denies the defendant’s mental state. Since no such finding has been made (and cannot be made) the verdict entered of not guilty by reason of insanity is not appropriate. Further, it would give a defendant, later competent, a res judicata or double jeopardy defense, the verdict being a final determination of guilt or innocence. It would seem far more appropriate to withdraw the charges. Should the defendant then regain competence within the period of the statute of limitations, he could still be tried for the offense, if such trial is warranted.
One of the major problems confronting the institution in which an incompetent person is being held is that of obtaining consent for medical procedures and treatment, not necessarily mental treatment. Generally, under the statute, the patient civilly committed is not thereby deemed incompetent to consent. At the commitment hearing in the civil proceedings, the judge may make the general competency determination. It is recommended that the same process apply in the hearing on competency to stand trial, and that, if the trial judge does not find the defendant incompetent for other purposes, he be legally considered competent for such other purposes.
RULE 3.220. DISCOVERY
* * # * * *
(b) Disclosure to Prosecution.
*1261 (4) If the defendant demands discovery under Section (a)(l)(ii), (x), (xi) of this Rule, the defendant shall disclose to the prosecutor and permit him to inspect, copy, test and photograph, the following information and material which corresponds to that which the defendant sought and which is in the defendant’s possession or control:
Committee Note
The proposed change only removes the comma which currently appears after (a)(1).
RULE 3.280. ALTERNATE JURORS
(a) The court may direct that jurors, in addition to the regular panel, be called and impanelled to sit as alternate jurors. Alternate jurors, in the order in which they are impanelled shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors. Except as hereinafter provided regarding capital cases, an alternate jur- or, who does not replace a principal juror, shall be discharged at the same time the jury retires to consider its verdict.
(b) At the conclusion of the guilt or innocence phase of the trial, each alternate jur- or will be excused with instructions to remain in the courtroom. The jury will then retire to consider its verdict, and each alternate will be excused with appropriate instructions that he may have to return for an additional hearing should the defendant be convicted of a capital offense.
Committee Note
This rule clarifies any ambiguities as to what should be done with alternate jurors at the conclusion of a capital case, and whether they should be available for the penalty phase of the trial. The change specifies that they won’t be instructed as to any further participation until the other jurors who are deliberating on guilt or innocence are out of the courtroom, in order not to influence the deliberating jurors, or in any way convey that the trial judge feels that a capital conviction is imminent.
RULE 3.350. PEREMPTORY CHALLENGES
% $ ¡)« * ‡ $
(e) If an indictment or information contains two or more counts or if two or more indictments or informations are consolidated for trial, the defendant shall be allowed the number of peremptory challenges which would be permissible in a single case, but in the interest of justice the judge may use his judicial discretion in extenuating circumstances to grant additional challenges to the accumulate maximum based on the number of charges or cases included when it appears that there is a possibility that the State or the defendant may be prejudiced. The State and the defendant shall be allowed an equal number of challenges.
Committee Note
This proposed rule amends Rule 3.350(e) to allow the defendant and the State an equal number of peremptory challenges and to permit the Court to grant additional challenges to both parties where it appears that the State would otherwise be prejudiced.
RULE 3.390. JURY INSTRUCTIONS
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
RULE 3.505. INCONSISTENT VERDICTS
The State need not elect between inconsistent counts, but the trial court shall submit to the jury verdict forms as to each count with instructions applicable to re *1262 turning their verdicts from the inconsistent counts.
Committee Note
Although there appears to be no rule or statute relating to “election,” many Florida cases refer to the fact that the trial court is required to make the State elect, before or during trial, between inconsistent counts. Many times the circumstances show conclusively that the accused is guilty of one or the other of inconsistent offenses. Since the evidence is then inconsistent with any reasonable hypothesis of innocence, the circumstantial rule is satisfied and the evidence should support a verdict of guilty as to either offense. In such a case the State should not be required to elect. This new rule is intended to lead to uniformity throughout the State on this issue and is more consonant with Rule 3.140(k)(5).
RULE 3.691. POST-TRIAL RELEASE
(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla.1956), provided, that no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous; provided that in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored, or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
(b) Written Findings. In any case in which the court has the discretion to release the defendant pending review of the conviction, and after the defendant’s conviction, denies release, it shall state in writing its reasons for such denial.
(c) An order by a trial court denying bail to a person pursuant to the provisions of subsection (1) may be appealed as a matter of right to an appellate court and such appeal shall be advanced on the calendar of the appellate court for expeditious review.
(d) If the defendant is released after conviction and upon appeal, the condition of the undertaking shall be: (1) that he will duly prosecute his appeal; (2) that he will surrender himself in execution of the judgment or sentence upon its being affirmed or modified or upon the appeal being dismissed; or in case the judgment is reversed and the cause remanded for a new trial, that he will appear in the court to which said cause may be remanded for a new trial, that he will appear in the court to which said cause may be remanded and submit himself to the orders and process thereof, and will not depart the jurisdiction of the court without leave.
(e) The court shall approve the sufficiency and adequacy of the bond, its security and sureties, prior to the release of the defendant.
COMMENT
Ch. 76-138, § 2, Laws of Florida, by appropriate vote, repealed the provisions of Rule 3.691, insofar as they were inconsistent with the legislative act. This rule has been amended so as to include the provisions of Ch. 76-138, Laws of Florida.
RULE 3.692. MOTION TO EXPUNGE
(a) All relief sought by reason of Section 901.33 and Section 893.14(2), Florida Statutes (1975), shall be by motion in writing, filed with the clerk. Such motion shall state the grounds upon which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief which affidavit shall state with particularity the statutory grounds and the facts in support of such motion. A copy of the motion and affidavit shall be served upon the prosecuting attorney and upon the arresting authority. Notice and hearing shall be as provided in Rule 3.590(c).
*1263 (b) The State may traverse or demur to such motion and affidavit. The court may receive evidence on any issue of fact necessary to the decision of the motion.
(c) If the motion is granted the court shall enter its order in writing so stating and further setting forth the records and agencies or departments to which it is directed.
(d) Upon the receipt of such order the clerk shall furnish a certified copy thereof to each agency or department named therein excepting the court.
(e) In regard to the official records of the court including the court file of the cause, the clerk shall:
(1) Remove from the official records of the court, excepting the court file, all entries and records subject to such order; provided that if it shall not be practical to remove such entries and records then to make certified copies thereof and thereafter expunge by appropriate means such original entries and records.
(2) Seal such entries and records, or certified copies thereof, together with the court file and retain the same in a nonpublic index subject to further order of the court. (See: Johnson v. State, 336 So.2d 93 (Fla.1976).)
(3) In multi-defendant cases the clerk shall make a certified copy of the contents of the court file which shall be sealed pursuant to subsection (2). Thereafter all references to the movant shall be expunged from the original court file.
(f) In regard to the official records of all agencies or departments named in such order, excepting the court, the head of such agency or department shall cause the official records thereof and which are subject of said order to be sealed in a manner consistent with subdivision (e) of this rule.
(g) All costs of certified copies involved herein shall be borne by the movant, unless he be indigent.
RULE 3.722. CONCURRENT AND CONSECUTIVE SENTENCES
This rule is repealed.
Committee Note
Rule 3.722, relating to Concurrent and Consecutive Sentences, was stricken in its entirety for the purpose of bringing the rules into conformity with Benyard v. Wainwright, 322 So.2d 473 (Fla.1975).
RULE 3.780. SENTENCING HEARING FOR CAPITAL CASES
(a) In all proceedings based upon Section 921.141, Florida Statutes (1975), the state and defendant will be permitted to present evidence of an aggravating or mitigating nature, consistent with the requirements of the statute. Each side will be permitted to cross-examine the witnesses presented by the other side. The state will present evidence first.
(b) The trial judge shall permit rebuttal testimony.
(c) Both the state and the defendant will be given an equal opportunity for argument, each being allowed one argument. The state will present argument first.
Committee Note
This is a new rule designed to create a uniform procedure to be followed, which will be consistent with both Section 921.141, Florida Statutes (1975) and State v. Dixon, 283 So.2d 1 (Fla.1973).
RULE 3.800. CORRECTION AND REDUCTION OF SENTENCES
* * * * * *
(b) A court may reduce a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a *1264 timely appeal has been taken under authority of law, or in which a petition for certio-rari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
This section of the rule shall not, however, be applicable to those cases in which the death sentence is imposed or those cases where the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
Committee Note
This amendment provides a uniform time within which a defendant may seek a reduction in sentence and excludes death and minimum mandatory sentences from its operation.
RULE 3.850. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; HEARING: APPEAL
A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack, may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence.
A motion for such relief may be made at any time. The motion shall be under oath and include the following information:
(a) The judgment or sentence under attack and the court which rendered the same;
(b) Whether there was an appeal from the judgment or sentence and the disposition thereof;
(c) Whether a previous post-conviction motion has been filed, and if so, how many;
(d) The nature of the relief sought;
(e) A brief statement of the facts (rather than conclusions) relied upon in support of the motion.
The court will refuse to receive any motion filed pursuant to this rule which is not in substantial compliance with the requirements hereof.
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the other. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on *1265 application for writ of habeas corpus. All orders denying motions for post-conviction relief shall include a statement that the movant has the right to appeal within thirty days of the rendition of the order. The prisoner may file a motion for rehearing of an order denying a motion under this rule within fifteen days of the date of service of the order. The clerk of the court shall promptly serve upon the prisoner a copy of any order denying a motion for post-conviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Committee Note
Nothing has been taken from proposed Rule 3.850. Additions have been made. The committee proceeded on the theory that generally the motions coming under the purview of the rule were filed by prisoners and will be considered ex parte.
The proposed amendment contemplates that in those cases where the trial court found the movant entitled to some relief, the State Attorney would be noticed and given an opportunity to be heard. The rule further contemplates that if the appellate court reverses, it would do so with directions to conduct a hearing with notice to all parties.
(a), (b), (c), (d), (e)
The committee was of the opinion that the motion should contain the minimum prerequisites indicated in the lettered portions to permit the trial court to quickly ascertain whether or not the motion was entitled to consideration, and if not, provide for its return to the movant as unacceptable. • This procedure is similar to Federal rules dealing with post-conviction motions.
The committee perceives that denial of a motion will either be based on the insufficiency of the motion itself or on the basis of the file or record which the trial court will have before it. The proposal provides for a simplified expeditious disposition of appeals in such cases. It is to be noted, however, that in those cases where the record is relied upon as a basis for denial of the motion, it may in exceptional cases involve a substantial record but the advantages of this procedure seem to justify coping with the unusual or exceptional case. It is the opinion of the committee that trial courts will in any order of denial based upon the insufficiency of the motion or on the face of the record, set forth specifically the basis of the court’s ruling with sufficient specificity to delineate the issue for the benefit of the appellate courts.
The committee thought that the provision permitting ex parte denial of a motion based on the face of the record was appropriate inasmuch as the movant was granted an opportunity for rehearing in which he could point out any errors the court may have made, thus providing sufficient safeguards to insure consideration of the prisoner’s contentions.
The prisoner or movant’s motion for rehearing will be a part of the record on appeal, thereby alerting the appellate court to the movant’s dissatisfaction with the trial court’s ruling.
ORDER MARCH 3, 1977.
Rule of Criminal Procedure 3.800 adopted in our opinion filed February 10, 1977, is corrected in accordance with the attached amendment. In order to avoid multiplicity of actions concerning the authority to review death sentences pursuant to the present Rule of Criminal Procedure 3.800, this amendment to Rule of Criminal Proce *1266 dure 3.800 shall be effective as of the date of this opinion and shall govern all proceedings including those applications now pending.
It is so ordered.
The Petitions for Rehearing, etc. (4) filed by H. L. Aubuchon, et al., Department of Health and Rehabilitative Services, Bennett H. Brummer, etc., and Florida Association for Retarded Citizens are hereby denied.
OVERTON, C. J., and ADKINS, BOYD and HATCHETT, JJ., concur.
ENGLAND and SUNDBERG, JJ., concur except would grant rehearing as to rule 3.130(b)(4) Florida Rules of Criminal Procedure.