393 So.2d 540 (1980)
Robert Wayne TASCANO, Petitioner,
v.
STATE of Florida, Respondent.
No. 55394.
Supreme Court of Florida.
June 5, 1980.
Rehearing Denied February 27, 1981.
Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by a certificate of the District Court of Appeal, First District, that its decision reported in 363 So.2d 405 is one which involves a question of great public interest. See art. V, § 3(b)(3), Fla. Const.
The trial court denied defendant's request that the jury be instructed on the penalty as authorized by Florida Rule of Criminal Procedure 3.390(a). The district court of appeal held that this was a matter within the discretion of the trial judge and the court did not err in refusing to instruct the jury as to the maximum and minimum penalties. The question involved is whether the provision of the rules are mandatory or directory.
Prior to its amendment in 1977, rule 3.390(a) read as follows:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial.
The courts interpreted this rule as being directory and not mandatory with regard to the penalty instructions. Huckeba v. State, 322 So.2d 29 (Fla. 1975); Johnson v. State, 308 So.2d 38 (Fla. 1974); Kelsey v. State, 317 So.2d 445 (Fla. 1st DCA 1975).
The rule as amended February 10 effective July 1, 1977, reads as follows:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and *541 upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
The Florida Bar re Florida Rules of Criminal Procedure, 343 So.2d 1247, 1261 (Fla. 1977).
We interpret this rule to mean that, upon request of either the state or the defendant, it is mandatory that an instruction be given on the maximum and minimum sentences which may be imposed. To interpret it otherwise would mean that the amendment was meaningless and accomplished nothing.
We must determine whether this decision should be retroactive or only prospective. Some trial courts and district courts of appeal have interpreted this rule as being mandatory, while others have interpreted the rule to be directory. One factor to consider in determining whether our decision should be given retroactive effect is the probable impact which such retroactive operation would have upon the administration of justice. See Annot. 14 L.Ed.2d 992, 1005 (1966).
The retroactive application of this decision would cast substantial doubt upon the validity of numerous prior judgments and would impose a great burden on the administration of justice by allowing cases to be relitigated. This is one of the factors favoring the denial of an unlimited retroactive effect to this decision. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); 20 Am.Jur.2d Courts § 233 (1965).
Retroactive application of a decision of this Court is not constitutionally required and we have the power to determine whether our decision should be prospective or retroactive in application. Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975). See also Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); State v. Barquet, 262 So.2d 431 (Fla. 1972).
Under the circumstances we hold that this decision shall be prospective only and shall be applicable to all cases in which a jury trial is commenced on or after the effective date of this opinion. The defendant, as well as all others who have preserved this point on appeal, receive the benefit of this interpretation of the rule.
The decision of the district court of appeal is quashed and the cause is remanded with instructions to reverse the judgment of conviction and further remand same to the circuit court for a new trial.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
Ever since this Court amended Florida Rule of Criminal Procedure 3.390(a), effective July 1, 1977, there has been doubt and confusion as to whether this rule is directory or mandatory. The problem arises because it is not clear from the language of the current rule whether the Court intended to change its ruling in Johnson v. State, 308 So.2d 38 (Fla. 1974). In Johnson, we held the provision of the prior rule, that the trial judge in instructing the jury "must" include the penalty fixed by law for the offense for which the accused is then on trial, to be directory and not mandatory. The current rule provides that upon request of either the State or the defendant, the judge "shall" include in his charge the maximum and minimum sentences which may be imposed. There is no commentary or note to the current rule which indicates that the Court intended to overrule Johnson and the host of other cases that interpret the former rule to be directory.
Not knowing what was in the minds of the Justices who were on the Court when the current rule was adopted, I am in the same position as other judges and lawyers of this State who must interpret the amended rule in light of prior precedents. Judge Orfinger, in his concurring opinion in *542 Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980), points out that the dictionary definitions of the words "must" and "shall" are virtually identical. He cogently reasons that if the word "must," as used in the former rule, is directory and not mandatory, as this Court held in Johnson, it is difficult to understand how a peremptory or mandatory meaning can be placed on the word "shall" as used in the current rule.
If the trial judge in this case erred in failing to give the penalty instruction, we contributed to that error because, when the rule was amended, we failed to clearly signal a substantial departure from prior precedent. If a majority of this Court intends that, when requested, an instruction on penalties is mandatory, then the Court should promulgate a new rule that clearly and directly tells the judges and lawyers of this State that the rule is mandatory and not directory.
In any event, we should find that no reversible error resulted from the trial court's refusal in this case to give the requested penalty instruction. As pointed out by Judge Cobb, speaking for the court in Murray v. State, a mandatory penalty instruction is inconsistent with Florida Standard Jury Instruction 2.15, which provides:

 (a) CONSEQUENCE OF VERDICT
 Jury to You are to disregard the consequences
 Determine of your verdict. You are impaneled and
 Guilt Only sworn only to find a verdict based upon
 the law and the evidence. You are to consider only the
 testimony which you have heard (along with the other
 evidence which has been received) and the law as given to
 you by the court.
 Sympathy You are to lay aside any personal feeling
 you may have in favor of, or against, the state and in favor
 of, or against, the defendant. It is only human to have
 personal feeling or sympathy in matters of this kind, but
 any such personal feeling or sympathy has no place in the
 consideration of your verdict.
 When you have determined the guilt, or innocence, of
 the accused, you have completely fulfilled your solemn
 obligation under your oaths.

Florida Standard Jury Instructions in Criminal Cases, Second edition, at 45.
The defendant cannot logically be entitled to reversal of his conviction upon the basis that the jury was not afforded information which it was obligated under the law and the court's instruction to disregard. I would affirm the defendant's conviction.