393 So.2d 1138 (1981)
Clifford Emanuel JAMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-682.
District Court of Appeal of Florida, Third District.
January 27, 1981.
Rehearing Denied March 4, 1981.
Komorowski, Casuso & McHale, Coral Gables, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
*1139 DANIEL S. PEARSON, Judge.
James, tried on an information charging him with aggravated assault, was convicted of the lesser included offense of assault and sentenced to sixty days in jail. He contends that the trial court erred by failing to instruct the jury, as James requested, on the minimum and maximum penalties for the charged offense, as well as lesser-included offenses, here improper exhibition of a firearm and assault.
Florida Rule of Criminal Procedure 3.390(a) provides:
"(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial." (emphasis supplied).
Where a penalty instruction on the offense charged is requested, the rule makes such instruction mandatory. Tascano v. State, 393 So.2d 540 (Fla. 1980). However, neither the rule nor Tascano requires that a jury be instructed on the penalties for lesser-included offenses. Under pre-Tascano cases holding Rule 3.390(a) mandatory, the trial court was obliged to instruct only on penalties for the offense charged, not on the penalties for any lesser-included offenses. Mitchell v. State, 304 So.2d 466 (Fla. 3d DCA 1974); Settle v. State, 288 So.2d 511 (Fla. 2d DCA 1974).[1] Thus, the defendant was not entitled to have the jury instructed on the penalties for improper exhibition of a firearm and assault.
The remaining issue before us is whether the trial court's failure to instruct on the penalties for the offense charged, that is, aggravated assault, per se error under Tascano,[2] is harmless in light of the jury's verdict on the lesser-included offense of assault. We conclude that the failure to instruct on the penalties for the offense charged is harmless where, as here, the defendant is convicted of the lowest lesser-included offense.[3]
Affirmed.
HUBBART, Chief Judge (concurring).
I concur in the court's affirmance herein but would not reach the merits of the penalty instruction point urged by the appellant because he failed, in my view, to preserve the point for appellate review, and, accordingly, I would affirm on that basis alone. Kelly v. State, 389 So.2d 250 (Fla.2d DCA 1980), as adopted and followed in Bailey v. State, 393 So.2d 24 (Fla. 3d DCA 1980); Atkinson v. State, 378 So.2d 324 (Fla. 3d DCA 1980); White v. State, 324 So.2d 115 (Fla. 3d DCA), cert. dismissed, 339 So.2d 1173 (Fla. 1976); Fla.R.Crim.P. 3.390(d); see Tascano v. State, 393 So.2d 540 (Fla. 1980).
NOTES
[1] However, if the trial court, in the exercise of its discretion, does instruct on penalties for lesser-included offenses, it is not error. Pinkney v. State, 241 So.2d 380 (Fla. 1970).
[2] The State contends that Tascano should not apply here since James was tried before Tascano was decided. Since, pre-Tascano, the law in this district was that the penalty instruction was mandatory, see, e.g., Mitchell v. State, supra, we need not address the retroactivity of Tascano. We note, however, that the decision in Tascano is expressly made retroactive to cases tried before Tascano in which the defendant preserved the point on appeal.
[3] James was convicted of the lowest possible offense, assault, a second-degree misdemeanor. § 784.011, Fla. Stat. (1979). Improper exhibition of a firearm is a misdemeanor of the first degree. § 790.10, Fla. Stat. (1979). We need not decide the harmlessness vel non of failing to instruct on the penalty for the crime charged where the defendant is convicted of the highest of the lesser-included offenses.