ON MOTION FOR REHEARING
PER CURIAM.
Appellee has filed a motion for rehearing contending that error of the trial court in refusing to instruct the jury pursuant to Florida Rule of Criminal Procedure 3.390(a) as to maximum and minimum sentences which could be imposed upon appellant could be rendered harmless by virtue of the evidence proving appellant’s guilt. Our opinion reversing this case for a new trial was predicated upon a motion to reverse filed by appellant, citing Tascano v. State, 393 So.2d 540 (Fla. 1980). Appellee requests that we withdraw our opinion and direct the parties to file the “appropriate appellate briefs so the question of harmless error may be properly addressed.”
The record reflects that appellant objected to the trial court’s refusal to give the instruction required by the aforesaid rule and thus the point was preserved for review. In Tascano, the Supreme Court ruled that a trial court’s refusal to give such an instruction upon request was error; that the requirement that the instruction be given when requested is mandatory. From our interpretation of the Tascano ruling, in conjunction with Justice Alderman’s dissent thereto, the trial court’s error in this respect cannot be deemed harmless. Therefore, appellee’s motion for rehearing must be denied. However, we certify to the Supreme Court of Florida the following question is of great public importance:
Does the harmless error doctrine, as enunciated by § 59.041, Florida Statutes (1979), apply to refusal of the trial court to instruct on the maximum and minimum sentences which may be imposed for *981 the offense for which the accused is then on trial pursuant to Florida Rule of Criminal Procedure 3.390(a)?
The motion for rehearing is denied.
McCORD, ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.