ON MOTION FOR REHEARING

McCORD, Judge.
Upon consideration of appellant’s motion for rehearing and further review of the record in this cause, we find that the colloquy between the trial court and appellant at the time appellant requested the court to instruct the jury on penalties pursuant to Florida Rule of Criminal Procedure 3.390(a) does indicate an objection on the record to the failure of the trial court to give such instruction. We, therefore, vacate our previous affirmance. Appellee contended in its brief on the merits that we should not reverse the trial court on the basis of Tascano v. State, 393 So.2d 540 (Fla.1980), but should find that any error in the trial court’s refusal to give appellant’s requested charge on penalties was harmless error because of the overwhelming evidence of guilt in the case.
From our interpretation of the Tascano ruling, in conjunction with Justice Alderman’s dissent thereto, the trial court’s error in this respect cannot be deemed harmless. The Supreme Court held this instruction to be mandatory. We, therefore, must reverse and remand for a new trial. However, we certify to the Supreme Court of Florida that the following question is of great public importance:
Does the harmless error doctrine, as enunciated by § 59.041, Florida Statutes (1979), apply to refusal of the trial court to instruct on the maximum and minimum sentences which may be imposed for the offense for which the accused is then on trial pursuant to Florida Rule of Criminal Procedure 3.390(a)?
The motion for rehearing is granted.
Reversed and remanded for a new trial with the above-posed question being certified to the Supreme. Court.
LILES, WOODIE A., Associate Judge (Retired), concurs, LARRY G. SMITH, J., dissents.