399 So.2d 473 (1981)
Richard John LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2460.
District Court of Appeal of Florida, Fourth District.
June 3, 1981.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING AND/OR CERTIFICATION OF QUESTION
ANSTEAD, Judge.
Upon reconsideration, we are convinced that our initial decision to remand this case for a new trial in light of Tascano v. State, 393 So.2d 540 (Fla. 1980) was in error.
Appellant Lewis was charged with aggravated assault, a third degree felony. After the close of the evidence, defense counsel requested that the trial court instruct the jury in accord with Florida Rule of Criminal Procedure 3.390(a) as to the minimum and maximum penalties possible under the offense charged:
The Court: Mr. Tobin, do you want to put anything on the record relative to the Court's impending instructions? In particular, I think you mentioned what the Court has indicated I was not going to charge them on as to the sentence.
Mr. Tobin (defense counsel): I am requesting that you do instruct them as to the charge.
The Court: Right. And I have already indicated, so you can make as part of your objections, that I am not going to indicate to them what the maximum sentence would be.
Mr. Tobin: I respectfully request that the Court instruct the jury as to the maximum sentence for this crime, and I object to your denial of my request.
The Court: Okay. Anything further as to the intended instructions? I will give you an opportunity to review that at the end, but is there anything you want to put on the record now?
Mr. Tobin: No.
*474 Following receipt of a question from the jury as to whether assault or attempted aggravated assault was the less serious offense, this exchange occurred:
The Court: I am going to tell them the Information charges aggravated assault, which includes, as a matter of law, the lesser included offense of attempted aggravated assault. And it also includes the lesser included offense of assault.
Any comment, Mr. Tobin?
Mr. Tobin: Judge, I mean I have no objection to what you are doing, but I would suggest that you instruct on the penalties on each one of them.
The Court: Anything else?
Mr. Tobin: No.
The trial court refused to give any jury instructions on penalties. The jury subsequently convicted appellant of simple assault, the lowest possible offense.
Initially, the state argues that the appellant has failed to preserve the issue of the court's failure to instruct on appeal. We disagree. In our view the record adequately reflects the appellant's request for an instruction on penalties under Rule 3.390(a) and his objection to the trial court's failure to do so. This is sufficient to preserve the error for appeal. See Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981).
The more substantial contention put forth by the state is that, in view of the appellant's conviction only of assault, the lowest possible lesser included offense of the offense charged, the trial court's refusal to instruct on penalties was harmless error.[1] This contention was recently accepted by one of our sister courts in a case factually indistinguishable from the case sub judice. James v. State, 393 So.2d 1138 (Fla. 3d DCA 1981). The James court reasoned as follows:
Florida Rule of Criminal Procedure 3.390(a) provides:
"(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial." (emphasis supplied)
Where a penalty instruction on the offense charged is requested, the rule makes such instruction mandatory. Tascano v. State, 393 So.2d 540 (Fla. 1980). However, neither the rule nor Tascano requires that a jury be instructed on the penalties for lesser-included offenses. Mitchell v. State, 304 So.2d 466 (Fla. 3d DCA 1974); Settle v. State, 288 So.2d 511 (Fla. 2d DCA 1974). Thus, the defendant was not entitled to have the jury instructed on the penalties for improper exhibition of a firearm and assault.
The remaining issue before us is whether the trial court's failure to instruct on the penalties for the offense charged, that is, aggravated assault, per se error under Tascano, is harmless in light of the jury's verdict on the lesser-included offense of assault. we conclude that the failure to instruct on the penalties for the offense charged is harmless where, as here, the defendant is convicted of the lowest lesser-included offense. (footnotes omitted)
393 So.2d at 1139. We find this reasoning particularly persuasive here where appellant's counsel's initial request was limited to the "maximum sentence for this crime."
The apparent purpose of the provisions of Rule 3.390(a) mandating an instruction on the penalties for the offense for which the accused is on trial is to inform the jury of the potential consequences upon the accused of the jury's decision as to which offense the accused has been proven *475 guilty.[2] This information may then be utilized by the jury as another factor to be considered in the jury's exercise of its broad authority to determine the accused's guilt or innocence of the offense formally charged and the lesser offenses included therein. From the standpoint of the accused a consideration of this factor might well result in the jury finding him guilty of a lesser offense in a case where the proof of the higher offense is marginal and the disparity in penalties between the offenses involved is substantial. In the case at hand, since the appellant has been found guilty of the least of the offenses included within the formal charge, we do not believe the appellant could have been prejudiced by the trial court's failure to instruct on the penalties for the highest offense for which he was on trial. Any issue as to whether the jury would have found the appellant guilty of a lesser offense because of the severity of the penalty for the offense charged has been rendered moot by the jury's decision.
Upon initial consideration we were of the view that Tascano, supra, prevented us from considering the harmless error rule. However, upon reflection, we do not believe the Supreme Court in Tascano, supra, determined whether or not the failure to give an instruction on penalties may constitute harmless error. There is no discussion of the harmless error rule in the majority opinion. In addition, the only discussion of the harmless error rule in the dissenting opinion is limited to the assertion that the failure to instruct is rendered harmless by reason of the jury also being instructed to disregard the consequences of its verdict. At most, we read Tascano as rejecting this dissenting view which we do not rely on here in any case. However, in an abundance of caution, and because of our concern about the uncertainty on the issue and our view that this issue as raised here and in numerous other cases pending before this court is of great public importance, we certify the following question to the Florida Supreme Court under the provisions of Florida Rule of Appellate Procedure 9.030(2)(B)(i):
May an appellate court find that the failure of the trial court to instruct the jury pursuant to the provisions of Rule 3.390(a) of the Florida Rules of Criminal Procedure constitutes harmless error?
In accordance with the above, our opinion of April 15, 1981, is hereby withdrawn and the judgment of the trial court is hereby affirmed.
MOORE and BERANEK, JJ., concur.
NOTES
[1] The jury was instructed on the lesser included offenses of attempted aggravated assault, improper exhibition of a firearm, and simple assault. Attempted aggravated assault and improper exhibition of a firearm are first degree misdemeanors. Simple assault is a second degree misdemeanor.
[2] We agree with the observation of Justice Alderman in his dissent in Tascano that it is inconsistent and confusing to inform jurors on the one hand as to the potential penalties and on the other to tell them to ignore the consequences of their decision. However, we do not rely on this inconsistency in our decision in any way. Perhaps the jury instructions on disregarding the consequences of the verdict will be modified to remedy this perceived problem.