McCORD, Judge.
Appellant appeals his conviction of sexual battery, raising four points for review. We affirm in part and reverse in part.
We first consider appellant’s challenge to the trial court’s finding that § 947.16, Florida Statutes, is constitutional and we find no error. See Arnett v. State, 397 So.2d 330 (Fla. 1st DCA, 1981).
Next, appellant contends that the in-court identification made of him by the victim was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable mistaken identification. From our examination of the record, we find that point to be without merit.
We have also considered appellant’s assertion that the trial court erred in denying his motion in limine to suppress any testimony relating to the voice and corporeal identification procedures because the prosecutor excluded the defense counsel from that portion of the lineup procedure where the witness gave his reaction to the lineup in violation of appellant’s constitutional rights to effective assistance of counsel. We find that assertion to be without merit also. See U.S. v. White, 617 F.2d 1131 (5th Cir. 1980), and U.S. v. Banks, 485 F.2d 545 (5th Cir. 1973), cert. denied 416 U.S. 987, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974).
Appellant further contends that the trial court erred in its refusal to instruct the jury, pursuant to Florida Rule of Crimi *1280 nal Procedure 3.390(a) as to the maximum and minimum sentences which could be imposed upon appellant. The record reflects that appellant objected to the trial court’s refusal to give that instruction, and thus the point was preserved for review. In Tascano v. State, 393 So.2d 540 (Fla.1980), the Supreme Court ruled that a trial court’s refusal to give such an instruction upon request was error. Appellee here contends that the error was harmless. From our interpretation of the Tascano ruling, in conjunction with Justice Alderman’s dissent thereto, the trial court’s error in this respect cannot be deemed harmless. Therefore, we must reverse and remand for a new trial. However, we certify to the Supreme Court of Florida that the following question is of great public importance:
Does the harmless error doctrine, as enunciated by § 59.041, Florida Statutes (1979), apply to refusal of the trial court to instruct on the maximum and minimum sentences which may be imposed for the offense for which the accused is then on trial pursuant to Florida Rule of Criminal Procedure 3.390(a)?
Affirmed in part, reversed in part, and remanded for a new trial with the above-posed question being certified to the Supreme Court.
SHIVERS and JOANOS, JJ., concur.