ADKINS, Justice.
By petition for certiorari filed prior to the 1980 amendment of the jurisdiction of this Court, we have for review a decision of the First District Court of Appeal, (Toliver v. State, 367 So.2d 1129 (Fla. 1st DCA 1979)), which allegedly conflicts with other decisions which place a mandatory duty upon the trial court to instruct on the penalties when so requested by the defendant. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const. (1972).
Petitioners, Wanda Jean Toliver and Jan Yvonne Bishop, were each charged with and convicted of grand larceny. At trial, petitioners made a joint request, pursuant to Florida Rule of Criminal Procedure 3.390(a), that the court instruct the jury on the appropriate penalties. The request was denied and no instruction on penalties given.
Petitioners appealed their convictions to the district court, alleging, among other issues, that the trial court’s refusal to provide the requested instruction was error. The district court, in a decision without published opinion, affirmed the trial court. In light of our recent holding in Tascano v. State, 393 So.2d 540 (Fla.1980), we find that. the trial court erred by refusing to instruct the jury on the penalties.
*1316 In Tascano, we held that upon request of either the state or defendant, it is mandatory that an instruction be given on the maximum and minimum sentences which may be imposed. Petitioners specifically requested such an instruction, and so the trial court’s refusal to comply with the request was error. The record also shows that petitioners properly preserved this point on appeal, the state’s arguments to the contrary notwithstanding.
Because we find that the trial court erred in the foregoing manner, we need not address the other issues raised by petitioners. The decision of the district court of appeal is quashed and the cause is remanded with instructions to reverse the judgments of conviction and to remand same to the circuit court for a new trial.
It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion.