406 So.2d 1128 (1981)
Linda McKinney AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1150.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
Rehearing Denied December 15, 1981.
*1129 Richard L. Jorandby, Public Defender, and John R. Cullom, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was tried by a jury and found guilty of second degree murder. On appeal she argues that the trial court erred in not instructing the jury, as required, upon the maximum and minimum penalties for the offense charged and relies upon Tascano v. State, 393 So.2d 540 (Fla. 1981). She contends that she preserved this point on appeal. We agree.
At trial appellant's counsel stated:
Judge, we have submitted to the Court, we have requested the Court read two special instructions.
The first instruction has to do with penalties.
Our basis for that is Murray versus State, 378 So.2d 111; Rule 3.390, Florida Rules of Criminal Procedure.
In response, the trial court said:
That contradicts one of the instructions in the standard jury instructions which states you are not to consider the consequences of your verdict.

*1130 I do not see how they can 
In Williams v. State, 395 So.2d 1236, 1237 (Fla. 4th DCA 1981), this court said:
If a jury instruction is requested and the basis for the request verbalized to the court and made a part of the record, failure to object to rejection on the instruction or to repeat the grounds in the form of an objection does not preclude appellate review. The underlying purpose of Rule 3.390(d) has been met; the trial court is placed on notice that refusal to give the requested instruction may be error.
Here, appellant plainly verbalized to the trial court the basis for her request. Further, we hold that in this case the error was harmful and consequently need not consider whether the harmless error statute is applicable to the failure to instruct the jury upon the maximum and minimum penalties. Accordingly, we reverse and remand for new trial.
REVERSED AND REMANDED.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.

ON REHEARING
PER CURIAM.
Our original opinion reversed appellant's conviction of second degree murder because the trial court refused to instruct the jury on the maximum and minimum penalties for the offense charged. Austin v. State, 406 So.2d 1128 (Fla. 4th DCA 1981). We have for consideration a motion for rehearing in that case.
We are once again confronted with the problem which results from the interaction between the supreme court's opinion in Tascano v. State, 393 So.2d 540 (Fla. 1980) and the requirement that an error resulting from the refusal to give an instruction must be appropriately preserved in the trial court to be considered on appeal. Since questions generated by the latter principle are not unique to Tascano situations but will continue to confront counsel in criminal appeals involving various legal issues, we will attempt to clarify what we believe to be the proper application of that principle.
Before doing so it is appropriate to summarize the rules emanating from Tascano in order to highlight the difficulties being encountered, so that application of the requirement of preservation of error may be viewed in proper perspective.
Rule 3.390(a) of the Florida Rules of Criminal Procedure provides:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
Prior to July 1, 1977 the rule had provided that the presiding judge "must" include in the charge the penalty fixed by law for the offense charged. The Florida Bar re Florida Rules of Criminal Procedure, 343 So.2d 1247, 1261 (Fla. 1977).
In Tascano v. State, supra, the court interpreted the change in language from "must" to "shall" as transforming the requirement from directory to mandatory.
In Welty v. State, 402 So.2d 1159 (Fla. 1981), the trial court on several occasions during the trial had explained the penalties. Failure to repeat the penalties in an instruction was therefore not reversible error. This has been perceived by some as an indication that failure to give the penalties instruction may be considered harmless error under appropriate circumstances. In our view the case merely holds that it may not be reversible error not to repeat the penalties in a formal instruction where the jury has previously been advised of the appropriate penalties.
This view finds support in Murray v. State, 403 So.2d 417 (Fla. 1981), in which the court noted that: "If this mandatory duty [to instruct on penalties] could be circumvented on the basis of the harmless error rule, the effect of the mandatory provision in the rule would be negated."
*1131 Application of the harmless error doctrine to the Tascano situation was again strenuously rejected in Borden v. State, 402 So.2d 1176 (Fla. 1981).
In summary, then, the penalty instruction must be given, if requested, and a refusal to do so may not routinely be considered harmless error.
Another aspect of Tascano was its limited retroactive application. The court held:
Under the circumstances we hold that this decision shall be prospective only and shall be applicable to all cases in which a jury trial is commenced on or after the effective date of this opinion. The defendant, as well as all others who have preserved this point on appeal, receive the benefit of this interpretation of the rule.
393 So.2d 540 at 541.
The second sentence of the foregoing quotation raises the question which frames the second phase of our consideration: how is this point on appeal to be preserved?
As a starting point, the applicable rule provides:
(d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
(e) When an objection is made to the giving or failure to give an instruction, no exception need be made to the court's ruling thereon in order to have such ruling reviewed, and the grounds of objection and ruling thereon shall be taken by the court reporter, and if the jury returns a verdict of guilty, transcribed by him and filed in the cause.
Rule 3.390, Fla.R.Crim.P.
In Williams v. State, 395 So.2d 1236, 1237-1238 (Fla. 4th DCA 1981), we said of the application of this rule:
If a jury instruction is requested and the basis for the request verbalized to the court and made a part of the record, failure to object to rejection of the instruction or to repeat the grounds in the form of an objection does not preclude appellate review. The underlying purpose of Rule 3.390(d) has been met; the trial court is placed on notice that refusal to give the requested instruction may be error. However, if, as in Smith [Smith v. State, 378 So.2d 117 (Fla. 4th DCA 1980)], a jury instruction is tendered without further explanation, the subsequent failure to object on specific grounds to its denial is fatal and the issue has not been preserved for review.
Rule 3.390(d) governs the preservation of error not only as to the court's failure to give a requested instruction, but also as to the giving of an erroneous or inappropriate instruction. In either event, it is essential that at some point in the proceedings the trial court be informed of possible error. Thus, it is unnecessary to raise objections both at the charge conference and at the end of the court's instruction to the jury. The primary reason that opportunity to lodge objections must be afforded after the jury has been instructed is so that possible errors in charging the jury may be brought to the court's attention. Accordingly, when feasible, objections should be specified during the conference on instructions and when so indicated need not be repeated after the jury has been charged.
The difficulty we have explaining the proper application of Rule 3.390(d) results in part from the fact that while the rule treats the refusal to give an instruction on the same basis as the giving of an instruction which is objectionable, the mechanics of communicating disagreement to the trial court will necessarily vary depending upon which aspect of the problem is involved and the precise circumstances of the situation.
The rule is to be applied literally where the trial court expresses an intention to give an instruction which counsel believes should not be given. This would most often occur at a separate charge conference or, more often, at a side bar conference. *1132 Counsel is obligated to object and to state the specific grounds for objection. If objection is lodged in the appropriate manner it would be superfluous to require that the objection be repeated after the offending charge has been given to the jury. Such a redundancy would be in the nature of taking an exception which the rule specifically abolishes.
On the other hand, when the trial court misreads an instruction to the jury, fails to give a charge that had been agreed upon or gives a charge that was not agreed upon, strict compliance by way of objection with specific grounds, is required.
The situation is somewhat different, however, when a formal written request for a particular instruction, stating the legal basis for the request, is presented to and rejected by the trial court. Under such circumstances error is preserved, in the absence of some indication in the record of subsequent waiver. To require objection to rejection of the instruction would in essence be requiring an exception to the court's ruling which, as previously noted, the rule specifically excuses. In our view, objection to the failure to give a requested instruction is implied in the request itself.
A slight variation on this sequence occurs where there is an oral request for a standard jury instruction, again with stated reasons, which the trial court rejects. An objection after the court's specific ruling, would seem to be superfluous.
The trial court may waive the rule's requirement that the request be in writing; however, counsel is then at jeopardy to ensure that the record clearly reflects (1) the precise language of the proffered instruction, (2) the specific grounds therefor and (3) the ruling of the trial court.
With these precepts in mind we revisit appellant's motion for rehearing.
As pointed out in our original opinion there was a clear and specific request for maximum and minimum penalties. Both the rule and case law were cited as grounds for requiring that the instruction be given. Under the circumstances this was synonymous with "stating distinctly the matter to which he objects, and the grounds of his objection."
The court responded that giving penalties contradicts another standard jury instruction. This was tantamount to a rejection of the proffered instruction, and the instruction was not, in fact, given.
To require more of appellant would indeed elevate form over substance. Accordingly, we adhere to our original opinion.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.