403 So.2d 417 (1981)
Willie MURRAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 58608.
Supreme Court of Florida.
July 30, 1981.
Rehearing Denied October 1, 1981.
Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
By petition for certiorari we have for review a decision of the District Court of Appeal, Fifth District (Murray v. State, 378 So.2d 111) (Fla. 5th DCA 1980), which allegedly conflicts with the decision of the District Court of Appeal, First District, in Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978), on the same point of law.
The defendant, (petitioner here), was charged with aggravated battery and entered a plea of not guilty. At the conclusion of the evidence in a trial by jury the defendant requested the court to instruct the jury as to the appropriate penalties pursuant to Florida Rule of Criminal Procedure 3.390. The request was denied and no instructions on penalties were given. The jury returned a verdict of guilty of aggravated battery as charged in the information.
Upon appeal, the district court of appeal held that Fla.R.Crim.P. 3.390 mandated an instruction on the applicable penalty upon request. The District Court of Appeal, First District, in Tascano v. State, supra, held that the trial judge could exercise his discretion in giving a penalty instruction even though a request was made. We quashed the decision in Tascano v. State, supra, and held that, upon request of either the state or the defendant, it is mandatory *418 that an instruction be given on the maximum and minimum sentences which may be imposed. Tascano v. State, 393 So.2d 540 (Fla. 1980).
The district court of appeal in the case sub judice held that Rule 3.390 had a mandatory meaning, but affirmed the conviction of the defendant on the basis of harmless error. If this mandatory duty could be circumvented on the basis of the harmless error rule, the effect of the mandatory provision in the rule would be negated.
We have jurisdiction and the only question before this Court has been decided in Tascano v. State, supra. Briefs on the merits would not be helpful.
The decision of the district court of appeal is quashed and the cause is remanded with instructions to reverse the judgment of conviction and to remand the same to trial court for a new trial.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents.