401 So.2d 1333 (1981)
Harold C. KNIGHT, Petitioner,
v.
STATE of Florida, Respondent.
James Lee ALLEN, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 58873, 58964.
Supreme Court of Florida.
July 30, 1981.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioners.
Jim Smith, Atty. Gen., and Evelyn D. Golden and Phillip D. Havens, Asst. Attys. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Fifth District (Knight v. State, 379 So.2d 1017 (Fla. 5th DCA 1980)), which allegedly conflicts with other decisions which place a mandatory duty upon the trial court to instruct on the penalties when so requested by the defendant.
Petitioner Knight was charged with breaking and entering and grand theft. At trial, a specific request was made by defendant for an instruction on the maximum penalty for each count. This request was denied. Defendant was found guilty, adjudged guilty, and sentenced. Upon appeal his conviction was affirmed with the statement: See Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980).
We also have for review a decision of the District Court of Appeal, Fifth District (Allen v. State, No. 78-1787 (Fla. 5th DCA Aug. 18, 1978)), which allegedly conflicts with other decisions making the giving of an instruction on penalties mandatory under the provisions of Fla.R.Crim.P. 3.390.
The defendant Allen, (petitioner here), was charged by information with robbery. At trial, a specific request was made by defendant for a jury instruction on penalties, but the instructions were not given. Defendant was found guilty by the jury, adjudged guilty, and sentenced. Upon appeal the District Court of Appeal, Fifth District, affirmed the conviction with the statement: See Murray v. State, 378 So.2d 111 (Fla. 1980).
These petitions for certiorari were filed prior to the effective date of the 1980 amendment to article V, Florida Constitution. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972). Further briefs are unnecessary.
We have quashed the decision in Murray v. State. See Murray v. State, 403 So.2d 417 (Fla. 1981), for the reasons expressed in Tascano v. State, 393 So.2d 540 (Fla. 1980).
*1334 In Tascano v. State we held that the decision would be applicable to all cases in which a jury trial is commenced on or after the effective date of the opinion. We then said: "the defendant, as well as all others who have preserved this point on appeal, receive the benefit of this interpretation of the rule."
We accept jurisdiction in these cases, quash each of the decisions of the district court of appeal, and remand each cause with instructions to reverse the judgment of conviction and further remand same to the circuit court for a new trial.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents.