402 So.2d 1176 (1981)
Raleigh BORDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 58231.
Supreme Court of Florida.
July 30, 1981.
Rehearing Denied September 23, 1981.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark Horn and Paul H. Zacks, Asst. Attys. Gen., West Palm Beach, for appellee.
McDONALD, Justice.
Following a trial in which Raleigh Borden was found guilty of second-degree murder and false imprisonment, the trial judge sentenced Borden to terms of ninety-nine and five years, respectively. Relying on section 947.16(3), Florida Statutes (1979), the trial judge retained jurisdiction over the sentence.[1] The appellant contended that this statute is unconstitutional, but the trial judge sustained it. We therefore have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
Passed in 1978, this statute apparently was a response to rising general criticism that convicted felons were being released *1177 on parole too soon.[2] The statute permits a review of parole decisions in certain instances and for a certain period of time. In Owens v. State, 316 So.2d 537 (Fla. 1975), this Court recognized the authority of the legislature to set conditions under which parole may be granted. We see no reason to retreat from that position now. The First District Court of Appeal recently addressed the constitutionality of this statute in Arnett v. State, 397 So.2d 330 (Fla. 1st DCA 1981). We agree with that court that section 947.16(3) is constitutional.
Borden, however, is entitled to a new trial because he is a beneficiary of our decision in Tascano v. State, 393 So.2d 540 (Fla. 1980). He specifically requested, and stated his reasons therefor, that the trial judge instruct the jury on the penalties for the crimes for which he was charged.[3] The trial judge refused to do so. In Tascano we held that when a defendant makes a timely request for such an instruction, it is reversible error for the trial judge to omit that instruction. Also, in Tascano we declined to adopt the harmless error rationale of Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980). Borden has perfected this point on appeal.
The conviction is vacated, and this cause is remanded for a new trial.
It is so ordered.
SUNDBERG, C.J., and OVERTON, J., concur.
ADKINS, Justice, concurs in part and dissents in part:
"I would hold § 947.16(3), Fla. Stat. (1979) unconstitutional, but I concur in that portion of the opinion granting a new trial because of the failure to instruct on the penalty."
ALDERMAN, Justice, concurs in part and dissents in part:
"I agree that section 947.16(3), Florida Statutes (1979) is constitutional and I would affirm the conviction. For the reasons stated in my dissent in Tascano v. State, 393 So.2d 540 (Fla. 1980) I do not believe that it was reversible error for the trial judge to omit the requested penalty instruction."
ENGLAND, J., dissents with an opinion with which ADKINS and BOYD, JJ., concur.
ENGLAND, Justice, dissenting.
I respectfully disagree with my colleagues with respect to the constitutionality of section 947.16(3), Florida Statutes (1979). In my view, the statute violates article II, section 3 of the Florida Constitution, which declares that a member of one branch of the government shall not exercise powers pertaining to another branch.
There is no dispute that section 947.16(3) accords to members of the judiciary a veto power over a prisoner's release from parole during the first one-third of his sentence. Both before the statute was enacted, in all cases, and after the statute was passed, in cases where the judiciary elects not to interfere, however, the decision to grant parole is vested in an executive branch agency. See Marsh v. Garwood, 65 So.2d 15, 19 (Fla. 1953) (Parole and Probation Commission is "a statutory agency of the executive branch of the government"). This bifurcation of authority between the branches of government offends our organic document.
I am not persuaded by the Court's reliance on Owens v. State, 316 So.2d 537 (Fla. 1975), a decision which I authored, for the proposition that the legislature may set conditions under which parole may be granted. There is a world of difference between conditions upon which parole may be granted  a pre-sentencing determination by the legislature which guides the judiciary in the exercise of its judicial function  and conditions which govern a prisoner's release from a sentence which he or she has partially served. The latter, obviously, largely depends upon circumstances or facts *1178 not relevant to the imposition of sentence. Rather, it looks to other directives and guidelines which govern an executive branch agency in its assigned statutory roles. See §§ 947.13, .165, Fla. Stat. (1979).
I also find unpersuasive the state's argument that trial judges are in the best position to determine a prisoner's eligibility for release from incarceration. The Florida Constitution decrees otherwise in article IV, section 8(c), and the legislature has elected to create an executive branch agency to make the determination which is there authorized. It is wholly beyond our constitutional capacity to suggest that the judiciary inherently possesses the expertise which the legislature has properly assigned elsewhere.
I can think of no more clear violation of article II, section 3 of the Florida Constitution than the assignment of judges to the Parole and Probation Commission as voting members with veto rights. That is precisely what this statute has done, and irrespective of the asserted desirability of the statute in terms of penology or sociology, I can find no authority for its enactment under Florida's constitutional separation of powers.
ADKINS and BOYD, JJ., concur.
NOTES
[1] § 947.16(3), Fla. Stat., reads as follows:

(3) Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of murder, robbery, aggravated assault, aggravated battery, kidnapping, sexual battery or attempted sexual battery, incest or attempted incest, an unnatural and lascivious act or an attempted unnatural and lascivious act, lewd and lascivious behavior, assault or aggravated assault when a sexual act is completed or attempted, battery or aggravated battery when a sexual act is completed or attempted, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed. When any person is convicted of two or more felonies and concurrent sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to the first third of the maximum sentence imposed for the highest felony charged and proven. When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed.
[2] Because Borden's crimes were committed in 1979 after the enactment of § 947.16(3), our recent opinion in State v. Williams, 397 So.2d 663 (Fla. 1981), is inapplicable.
[3] See Fla.R.Crim.P. 3.390.