CAMPBELL, Judge.
Appellant was charged with trafficking in cannabis in excess of 2,000 pounds, but less than 10,000 pounds. Appellant was found guilty following a jury trial that commenced April 1,1980. Of the numerous points raised on appeal, two merit discussion: the trial court’s exclusion of all the defense witnesses for a discovery disclosure violation and the court’s failure to instruct the jury on the maximum penalty for the offense charged.
A defendant is required to provide the state with a reciprocal witness list within seven days after receipt of the state’s witness list. Fla.R.Crim.P. 3.220(b)(3). After the state had called its last witness and rested, appellant delivered a list of witnesses for the purpose of impeaching the state’s last witness. After hearing argument from counsel, the court ordered the exclusion of the witnesses listed by the defense. In so doing, the trial judge noted that even though the list was tardy, the court would have allowed defense witnesses to testify if it had been provided before the state rested. We find no reversible error on this point and hold that the trial court acted within its discretion in ordering the exclusion. Though the witnesses were purportedly to be used to impeach the last witness called by the state, we note that there was no proffer made of what they would have testified to and there is nothing in the record to indicate that any of the witnesses were present in court and available to testify.
The second point to be addressed is the trial court’s failure to instruct the jury on the maximum penalty for the offense charged. The Florida Supreme Court has held, “[U]pon request of either the state or the defendant, it is mandatory that an instruction be given on the maximum and minimum sentences which may be imposed.” Tascano v. State, 393 So.2d 540, *1007 541 (Fla.1980). See Fla.R.Crim.P. 3.390(a). Although the court indicated that Tascano should be applied prospectively, it also held that the decision would be applicable to “all others who have preserved this point on appeal.” 393 So.2d at 541. On the authority of Tascano, the supreme court reversed and remanded two cases for new trials when specific requests were made for instructions on sentences. Knight v. State, 401 So.2d 1333 (Fla.1981) (consolidated appeals).
As this trial commenced before the effective date of Tascano, appellant must show that this point has been properly preserved on appeal. At the charge conference, appellant’s trial counsel made a demand “for all the penalties” and objected to the court’s stated refusal to instruct “upon the penalties involved.” However, after refusing at the trial conference to give instructions on penalties, the trial judge changed his mind while charging the jury and instructed on the mandatory minimum sentences applicable. It is apparent from the record that the trial judge felt he had conformed to defense counsel’s request for instructions on penalties when he instructed on the mandatory minimum penalties and the fines involved for both the crime charged and the lesser included trafficking offense. After the instructions were given, the court allowed defense counsel an opportunity to state any specific objections to the charges for the record, at which time counsel stated only that he renewed his previous objections, failing to point out that the court had omitted instructions on the maximum penalties applicable. Thus, there was no attempt to articulate the error for the judge so that it could be corrected at trial.
Rule 3.390(d) states:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury, (emphasis added)
Although we recognize the mandatory import of this rule, as emphasized by Tascano, it remains clear from that decision that, as applied retroactively, it is the defendant’s burden to direct the court’s attention to any omission in instructing the jury on maximum and minimum penalties. See Kelly v. State, 389 So.2d 250 (Fla.2d DCA 1980).
Notably, in Welty v. State, 402 So.2d 1159, (Fla.1981), the supreme court refused to reverse appellant’s conviction for failure to instruct on the maximum penalty. Several times during trial the jury was advised that the maximum penalty for first-degree murder is death. The supreme court held that the trial court’s failure to instruct on the applicable penalties when the jury was otherwise informed of them during the trial did not constitute reversible error. Id., at 1161-1162. Similarly, in this case the jury was informed of the maximum penalties by defense counsel during his closing argument.
Finding no reversible error on these or any other points raised by appellant, wé affirm appellant’s conviction and sentence.
OTT and RYDER, JJ., concur.