DAUKSCH, Chief Judge.
This is an appeal from a conviction of murder in the second degree.
The appellant was charged with murder in the first degree and went to trial on that charge. At trial she requested an instruction be given the jury relating to the penalty she could receive if convicted. The trial judge refused to give the penalty instruction. Tascano v. State, 393 So.2d 540 (Fla.1980), rehearing denied, Feb. 27, 1981, requires the giving of such an instruction in compliance with Florida Rule of Criminal Procedure 3.390(a):
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial (emphasis added).
Although our Supreme Court has said a Tascano violation is reversible error we do not believe Tascano applies here. There is no requirement in the law that a trial judge instruct the jury as to the penalty for a lesser included offense.
The failure to give an instruction regarding the penalty for a crime of which the accused was not convicted must be harmless error. See James v. State, 393 So.2d 1138 (Fla. 3d DCA 1981).
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.