PER CURIAM.
Appellant Ennis D. Sykes seeks reversal of his conviction of obtaining unemployment compensation benefits by fraud due to the State’s failure to comply with the provisions of the speedy trial rule applicable to individuals incarcerated within the State and in effect in 1978. See Rule 3.191, Fla. R.Crim.P. (1977). We reverse.
For violation of probation, Sykes was sentenced to three years in the state prison on December 6, 1977. Shortly thereafter, the Florida Bureau of Unemployment Security began demanding that Sykes make restitution for unemployment compensation benefits previously obtained by fraud. Due to his incarceration, Sykes was unable to respond with a repayment, but the State continued sending demands to Sykes’ prison cell and to his relatives. On October 5, 1978, an information was filed against Sykes for obtaining unemployment compensation by fraud, a felony.
Sykes was never advised of the charges until March 9,1981, and he was not brought to trial until April, 1981. By written motion citing the speedy trial rule, Rule 3.191, supra, Sykes moved to dismiss the charges, because the State failed to bring him to trial within one year of the date on which the information was filed. At the hearing on the motion, his counsel argued the motion on the basis of constitutional right to a speedy trial[1] but presented the lower court with a copy of his earlier motion citing the applicable criminal rule of procedure. The motion was denied, because Sykes had failed to show that he had been prejudiced by the delay, whereupon Sykes pled nolo contendere, reserving the right to appeal the denial of the motion.
At the time that the information was filed in 1978, Rule 3.191(b)(1), Florida Rules of Criminal Procedure, stated that any person imprisoned in a state prison and who is *1086 charged by information shall be brought to trial within one year, if the crime is a nonviolent felony. The one-year period commenced on the date that the information was filed, according to the terms of the rule.[2] By its terms, the rule is mandatory upon the State, since it requires that an affected person “shall without demand be brought to trial within one year....” Compare Tascano v. State, 393 So.2d 540, 541 (Fla.1980).
The record indicates that a proper motion was made citing Rule 3.191. That Sykes’ counsel may have extensively argued in favor of the motion on constitutional grounds is immaterial, because his attorney brought the written motion to the lower court’s attention during the motion hearing, and the motion clearly referred to Rule 3.191, supra. In changing his plea to nolo conten-dere the record indicates that Sykes properly preserved his right to appeal the denial of the motion which is dispositive of the result in this case.
Because the State failed to comply with the applicable provisions of Rule 3.191(b)(1), Florida Rules of Criminal Procedure, we REVERSE and REMAND with directions that the information be dismissed.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. U.S.Const.Amends. VI, XIV, Sec. 1; Art. I, Sec. 16, Fla.Const.

. See Jackson v. Green, 402 So.2d 553 (Fla. 1st DCA, 1981).