411 So.2d 363 (1982)
Samuel SAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 80-16.
District Court of Appeal of Florida, Fourth District.
March 31, 1982.
Richard L. Jorandby, Public Defender, and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
Before the trial court, appellant took the position that the giving of instructions to *364 the jury on the maximum and minimum penalties for the offense charged was discretionary. Counsel argued:
I am aware of the case where the Supreme Court indicated the rule in criminal procedure which indicates that the Court shall read this particular instruction.
The Florida Supreme Court has made it discretionary, saying that shall means may. I would request that the Court follow that Supreme Court ruling, that it is within its discretion to read a particular instruction, and that it read the instruction on the maximum and minimum penalty.
This was undoubtedly a reference to Johnson v. State, 308 So.2d 38 (Fla. 1974) which held that Rule 3.390(a) as it pertained to penalties was directory only and not mandatory.
In 1977 this rule was changed by substituting the word "shall" for the word "must", with other minor changes. The rule now (and at the time of appellant's trial) reads:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.

The Florida Bar (Re Florida Rules of Criminal Procedure), 343 So.2d 1247, 1261 (Fla. 1977).
On appeal appellant takes the position that this change of language rendered the rule regarding penalties mandatory rather than directory. This position is obviously well taken. Tascano v. State, 393 So.2d 540 (Fla. 1980).
The difficulty is that Tascano affords relief only to "others who have preserved this point on appeal." Id. at 541. Here not only did appellant fail to apprise the trial court of his view (newly taken on appeal) that the rule was mandatory after this change; he in fact affirmatively stated that it was merely directory. A clearer example of invited error would be difficult to envision. See, e.g., Clark v. State, 363 So.2d 331 (Fla. 1978).
One may not tender a position to the trial court on one ground and successfully offer a different basis for that position on appeal. Black v. State, 367 So.2d 656 (Fla. 3d DCA cert. denied 378 So.2d 342 (Fla. 1979).
Finally, as we pointed out in Austin v. State, 406 So.2d 1128 (Fla. 4th DCA 1981) it is incumbent upon an appellant to bring to this court a record that clearly demonstrates that the trial court was explicitly put on notice of the precise (and ultimately determined by this court to be the correct) grounds upon which objection was made.
For the foregoing reasons, we affirm.
Our opinion of January 20, 1982, is superceded by this opinion on rehearing and is therefore withdrawn.
LETTS, C.J., and ANSTEAD and HERSEY, JJ., concur.