LETTS, Chief Judge.
This case needs no recitation of the facts. It is yet another instance where the trial judge failed to instruct on maximum and minimum sentences. It, therefore, must be reversed on the authority of our Supreme Court’s decision in Tascano v. State, 393 So.2d 540 (Fla.1980).
Tascano, when written, expounded for four paragraphs about how its potential impact would necessitate that it be prospec *903 tive only. Accordingly, one would assume that since the trial of the case at bar occurred before Tascano was published, Tas-cano would not here apply. Not so, however. See Borden v. State, 402 So.2d 1176 (Fla.1981) where the trial also occurred pri- or to Tascano.
There is overwhelming evidence of the defendant’s guilt in the case now before us. Despite repeated certified questions from all the District Courts, crying out in anguish a form of: “Say it ain’t so, Joe,” the Supreme Court has backed up its initial Tascano ruling with innumerable other summary dispositions which have finally nailed the coffin shut.[1]
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.

. See Murray v. State, 403 So.2d 417 (Fla.1981) and eighteen other cases not yet to be found in the Southern Reporter, but cited in Volume 6, No. 47 p. 641, Florida Law Weekly December 4th, 1981.