ALDERMAN, Justice,
dissenting.
I believe the proposed amendment to Florida Rule of Criminal Procedure 3.390(a) should be considered now rather than be postponed until the regular four-year cycle for consideration of changes to the criminal rules.
Rule 3.390(a) currently provides:
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
Upon recommendation of the Executive Council of the Florida Conference of Circuit Judges, the Criminal Procedure Rules Committee of The Florida Bar voted 17 to 3 to recommend to this Court that it amend rule 3.390(a) to read as follows:
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.
This proposal eliminates the requirement that the trial court, upon request of either the State or the defendant, instruct the jury as to the maximum and minimum sentences which may be imposed for the offense for which the accused is on trial.
The resolution of the Executive Council of the Conference of Circuit Judges states cogent reasons for eliminating this portion of rule 3.390(a). It explains that the penalty is irrelevant to the jury’s sole responsibility of determining a defendant’s guilt or innocence, that the jury cannot be privy to the myriad factors which must be considered in sentencing, and that the court's advising the jury of the possible penalty is wholly inconsistent with the jury’s responsibility to disregard the consequences of its verdict and tends to encourage a deplorable phenomenon which has come to be referred to as a “jury pardon.”
The deplorable phenomenon referred to by the Conference of Circuit Judges is the exercise by a jury of its power to return a verdict contrary to the evidence. In criminal cases, this abuse of power is irremediable because once the jury has wrongfully acquitted a defendant, its abuse of power may not be corrected on appeal. Just as there are individuals who disregard the law, there may also be juries that disregard the law. A jury that returns a verdict contrary to the evidence based on feelings of prejudice, bias, or sympathy is an “outlaw” jury, and its verdict will be a miscarriage of
*1127 justice. Rule 3.390(a), as presently written, allows juries to be informed about matters that are irrelevant to its fact-finding job and which may encourage it to render a verdict contrary to the evidence. We should not allow a jury to be given information which it should not in fact consider. See Tascano v. State, 393 So.2d 540 (Fla.1980) (Alderman, J., dissenting).
Accordingly, I would amend rule 3.390(a) as recommended, and I would amend it now outside the regular four-year cycle.