PER CURIAM.
AFFIRMED. Although there are differences between all three of these cases, we believe the disposition of this case should be controlled by the rationale set out in Morgan v. State, 405 So.2d 1005 (Fla. 2d DCA 1981), rather than our recent decision in Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982) (7 FLW 1870). We do not believe the trial court abused its discretion under the facts of this case in excluding the testimony of a surprise witness produced by the defendant on the last day of trial. There is no explanation as to why the defendant, who was shown to have known of this witness for some time, did not disclose his existence earlier. In addition, the witness’ testimony was offered for the limited purpose of impeaching a portion of another witness’ testimony and not for the direct purpose of exculpating the defendant. The trial court’s ruling reflects a proper balancing, in our view, of the propositions that the reciprocal rules of discovery should be followed so long as the defendant is not denied his fundamental right to defend himself. Richardson v. State, 246 So.2d 771 (Fla.1971).
ANSTEAD and HURLEY, JJ., and SHA-HOOD, GEORGE, Associate Judge, concur.