BASKIN, Judge.
Defendant Crespo seeks reversal of his conviction of possession of a firearm by a convicted felon. § 790.23, Fla.Stat. (1983). As grounds for reversal, he cites the trial court’s inadvertent omission of the Standard Jury Instruction defining “care and custody.” The omitted instruction would have defined that portion of the charge dealing with a convicted felon having in his “care, custody, possession or control, a firearm.” The court had indicated it would give such an instruction, but apparently failed to do so. When the state brought the omission to the court’s attention, the court responded, “I certainly gave that, you can rest assure [sic].” Counsel for the state remarked, “I hope so,” and defense counsel said, “No objection.”
On this record, we find no basis for reversal. Defense counsel failed to object to the omission or even ask the court reporter to check the record, see Maxwell v. Wainwright, 490 So.2d 927 (Fla.), cert. denied, — U.S. —, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986); Austin v. State, 406 So.2d 1128 (Fla. 4th DCA 1981), dismissed, 419 So.2d 1200 (Fla.1982); Fla.R.Crim.P. 3.390(d); Standard Jury Instruction notes indicate that the omitted definition applies only to a concealed firearm charge, not to the charge in this case, Fla.StdJur.Instr. *686 (Crim.) Felons Possessing Weapons. Furthermore, the court did not refuse to give the instruction, cf. Fla.R.Crim.P. 3.600(b)(7) (court’s refusal to give proper instruction grounds for new trial under appropriate circumstances), and thus, defendant is not entitled to a new trial on that ground.
Affirmed.