## MOSES v STATE OF FLORIDA
### Case No. CJAP 82-76 (County Court Case No. TO82-69929)
Ninth Judicial Circuit, Orange County
September 13, 1990

### APPEARANCES OF COUNSEL
Office of the Public Defender, for appellant.
Office of the State Attorney, for appellee.

### OPINION OF THE COURT

GARY L. FORMET, SR., Circuit Judge.

The Court has reviewed the record on appeal and briefs of counsel, dispenses with oral argument herein pursuant to Fla.R.App.P. 9.320, and finds as follows.

The facts of this case are set forth in summary fashion. The

Appellant was arrested for Driving While Under the Influence (D.W.I.) A jury trial was held before the Honorable Lee C. Conser, during which the Appellant was found guilty. During voir dire, Appellee's counsel mentioned the enhanced minimum penalty for a third conviction of Driving While Under the Influence. The court admitted that no curative measures could be taken and denied Appellant's motion for a mistrial. Appellant renewed the motion for mistrial at the conclusion of the state's case. The motion was again denied. The defense rested without presenting testimony. The motions were again renewed and denied. Appellant's motion for judgment of acquittal was denied.

At the charging conference, the State requested that the judge read the maximum and minimum penalties for a conviction of Driving While Under the Influence. These penalties were read to the jury over Appellant's objection. The jury returned a verdict of guilty. Appellant renewed all prior motions and was again denied. This appeal followed.

Appellant first charges that the jury may have inadvertently become aware of prior convictions through the mention of enhanced penalty. However, this contention may be disposed of by reviewing the record. Prior to sentencing, the judge inquired of the jury, and was sufficiently satisfied that the mention of an enhanced sentence did not implant any thoughts of prior convictions.

Appellant's second contention is that the reading of the enhanced minimum/maximum possible sentences should only be done after the jury has returned a verdict of guilty. Florida Rule of Criminal Procedure 3.390(a), as it existed at the time of trial, required the judge to include the minimum/maximum possible sentences in his charging of the jury upon request of either the prosecution or the defense. This requirement was mandatory, *Tascano v State,* 393 So.2d 540 (Fla. 1980), thus no fundamental error occurred by the judge's actions.

Appellant's third contention addresses the State's comment on enhanced penalties during voir dire. The purpose of voir dire is to determine the potential jurors' absolute impartiality, *Gibbs v State,* 193 So.2d 460 (Fla. 2d DCA 1967). In addition, the examination should be varied enough to impanel a jury which is fair, impartial, and free of all interest, bias, or prejudice. *Gibbs,* citing *Pope v State,* 84 Fla. 428, 94 So. 865, and *Pinder v State,* 27 Fla. 370, 8 So. 837. The voir dire in question was within these boundaries. The judge's allowing such questioning was not an abuse of discretion.

Finally, the Appellant argues the verdict is against the weight of the evidence. In the instant case, the Appellant was observed to be swaying, slurring his speech, unable to successfully complete a roadside

**79**

sobriety test, and had the smell of alcohol on his breath. Based on these facts a reasonable jury could have found the Appellant guilty.

The findings of the trial court are hereby AFFIRMED. This cause is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in chambers at the Orange County Courthouse, Orlando, Florida, this 13th day of September, 1990.