PER CURIAM.
Ira Miller, Barry Zettle, and James Gan-gloff were charged with trafficking in cocaine (Count I) and conspiracy to traffic in cocaine (Count II). The conspiracy counts were dismissed by the trial judge, but all three men were convicted of possession with intent to sell or deliver cocaine, a lesser included offense under the trafficking counts. Appellant Miller alleges that the trial court erred in refusing to grant the request of all three defendants to instruct the jury as to the minimum and maximum penalties possible for the main offense charged, that of trafficking in cocaine.
It is now well settled, of course, that “upon request of . . . the defendant, it is mandatory that an instruction be given on the maximum and minimum sentences which may be imposed” under the offense charged, and that refusal to give such instruction is error. Tascano v. State, 393 So.2d 540, 541 (Fla.1980). It has also been held, however, that the failure to instruct on the penalties may be deemed harmless error where the defendant is convicted of only the lowest lesser included offense possible under the offense charged. Lewis v. State, 399 So.2d 473 (Fla. 4th DCA 1981); James v. State, 393 So.2d 1138 (Fla. 3d DCA 1981). In the present cases, appellants were charged with trafficking in cocaine in violation of Section 893.135(1)(b)(2), Florida Statutes, a first degree felony, and convicted of possession with intent to sell or deliv *558 er cocaine in violation of Section 893.-13(l)(a)(l), a second degree felony. The court is thus confronted with the question of whether the harmless error rule can be applied to the trial court’s failure to instruct on penalties for the primary offense charged when the defendant is ultimately convicted of a lesser included offense and the defendant made no request for a penalty instruction on the lesser included offense. We fail to see how the appellant was harmed by the trial court’s failure to instruct on the penalties for the main offense when the appellant was not convicted of that offense.
An instruction on the penalties for the main offense would presumably have impressed upon the jurors the serious consequences of convicting the appellant of that charge and given them an additional substantial reason to be certain of their decision. Lewis v. State, supra. However, here the jury found proof lacking on the main charge anyway and convicted the appellant of a lesser included offense for which no penalty instruction was requested. Under these circumstances we believe the failure to instruct on penalties for the main offense was harmless. We recognize that the Supreme Court has held that the harmless error rule cannot usually be applied to the type error involved herein. Murray v. State, 403 So.2d 417 (Fla.1981). For that reason we hereby certify the following question as one of great public importance:
May the harmless error rule be applied where the only penalty instruction requested is for the main offense charged and the defendant is subsequently convicted of a lesser included offense?
Accordingly, the judgment and sentence of the trial court is affirmed.
ANSTEAD and HURLEY, JJ., and MINER, CHARLES E., Jr., Associate Judge, concur.